## THE PEOPLE *v.* CHUNG LIT *et als.*

THE objection, in a criminal case, that one of the jurors was an alien, cannot be taken after verdict on motion for new trial—even though the defendant be ignorant of the fact of alienage until after verdict. Defendant must examine the juror on the point, and exercise his right of challenge.

The record of a trial for murder need not show affirmatively that the charge to the jury was *in writing*. The presumption is that the charge was given in the manner required by law, and in the absence of anything to the contrary, this presumption must prevail.

APPEAL from the Sixteenth District.

Indictment for murder. Defendants were convicted, and moved for a new trial on the grounds—1st, that one of the jurors who tried the case was an alien, and that this fact was unknown to defendant and their counsel. 2d, that the Court compelled defendants to exercise a peremptory challenge prior to the People to individual jurors before they were sworn to try the cause, and after the jury had been passed to the People and by the People to the defendants.

The motion was based upon affidavit by the juror that he was an

People *v.* Chung Lit.

alien, was not aware that this disqualified him, and that he did not communicate the fact to defendant until after the verdict; and also upon affidavit by defendants' attorney that he did not know that the juror was an alien until after verdict.  Overruled.

As to the instructions to the jury the record is silent as to whether they were in writing or not.

The facts as to the declarations of Chung Lit are immaterial, because the declarations were clearly inadmissible.  Defendants appeal.

*Harmon & Curtis*, for Appellants.

1.  A new trial should have been granted because of the alienage of the juror, Ogley.  An alien is an incompetent juror.  (Wood's Dig. 510.)  And where the fact of alienage is unknown to the defendant until after verdict, it is good ground to set aside the verdict.  (1 Scam. 476; 2 Graham & Waterman on New Trials, 279–282.)

2.  The record does not show that the charge of the Judge to the jury was *in writing*, nor does it show any consent to an oral charge. This is fatal.  Under the decisions of this Court, the record in a murder case should show affirmatively that the charge was in writing.

If the prisoner waive his right to a written charge, " the record must show the waiver."  (*People* v. *Ah Fong*, 12 Cal. 346; *People* v. *Demint*, 8 Id. 413; *People* v. *Payne*, Id. 341; *People* v. *Buler*, 6 Id. 246; *People* v. *Woppner*, 13 Id.; Acts 1855, 275.) It is doubtful whether the prisoner can waive this right.

3.  The Court erred in rejecting the testimony of Ah Lick as to the declarations of defendant Chung Lit.

*H. P. Barber, District Attorney*, for Respondent.

I.  Defendants object that one of the jury was an alien.  This fact was unknown to the counsel of either party, and each juror was challenged by defendants as he was called, if their counsel deemed it proper.  The twelve were accepted by both parties and sworn.  In regard to this exception, we refer to the following authorities.  (*Lisle* v. *State*, 6 Missouri, 426; *Queen* v. *Quarrel*,

.2 Bay, 150; *Queen* v. *Hepburn,* 7 Cranch, 297; Wharton's Cr. Law. 1042; Wood's Dig. 296, arts. 1611, 1612; 6 Hill, 47.)

. II. The declarations of Chung Lit were not admissible. They were not part of the *res gestæ*—being made before the homicide took place. (9 Cush. 36; Whar. Cr. Law, 321.)

*Thos. H. Williams, Attorney General,* also for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The objection that one of the jurors was an alien could not be taken for the first time upon the motion for a new trial. The defendants might have examined him upon the subject, and exercised their right of challenge before he was sworn, but having failed to do this, they must suffer the consequences of their own neglect. The authorities upon the question are collected by Graham & Waterman, in their work on New Trials. There is some conflict in the cases, but the weight of authority is largely in favor of the rule as we have stated it.

We cannot reverse the judgment upon the ground that the record does not show that the instructions of the Court were given in writing. The presumption is that they were given in the manner provided by law, and in the absence of anything to the contrary, this presumption must prevail.

The declarations of the defendant, Chung Lit, were properly excluded. They were no part of the *res gestæ,* and we do not see upon what principle they could have been admitted.

The other points made are without merit. The judgment is affirmed, and the Court below will designate a day for the execution of its sentence.