## TERRITORY OF ARIZONA, RESPONDENT, *v.* MILTON B. DUFFIELD, APPELLANT.

INDICTMENT SHOULD CHARGE ONE OFFENSE ONLY, and therefore an indictment which in one count charges the offense of resisting an officer in the execution of process, and in another count charges the offense of assault with a deadly weapon upon the person of the same officer, with intent to put him in fear and to compel him to obey an unlawful command of the defendant, is bad.

IN ALL CRIMINAL CASES COURT MUST CHARGE JURY IN WRITING, unless the defendant expressly waive his right to have the charge so given. The judge must commit his instructions to writing and read them to the jury from the original manuscript; and where this is not done, the error is not cured by subsequently reducing them to writing.

APPEAL from the district court of Pima county. The facts are stated in the opinion.

*C. W. C. Rowell*, for the appellant.

The first count in the indictment charges an offense. See Howell's Code, p. 64, sec. 94.

The second count in the indictment charges another offense. See Howell's Code, p. 55, sec. 50.

Two separate and distinct offenses are charged in the indictment, which is error. See Howell's Code, p. 96, secs. 215, 217.

The defendant had the constitutional right to have arms. See Const.; Howell's Code, page 453, art. 2, amendments; argumentatively, Howell's Code, page 97, sec. 224.

If the indictment be for felony, the defendant must be present at the rendition of the verdict. And the record should so show. Howell's Code, page 112, sec. 384.

Indictment should charge but one offense. See *People* v. *Garnett*, 29 Cal. 622.

Courts in their charges to the jury should not, either directly or indirectly, assume the guilt of the accused, nor use equivocal phrases which may leave such an impression. *People* v. *Williams*, 17 Cal. 142. Nor should the court assume a conclusive effect to circumstances, or assume that such circumstances were proven. *People* v. *Levison*, 16 Cal. 98; *People* v. *Dick*, 32 Id. 213.

Refusing a proper instruction is not cured by the fact that it was given in substance. *People* v. *Ramirez*, 13 Cal. 172.

What purports to be a judgment in this case is no judgment at all. See Howell's Code, p. 118, sec. 421; also, *In re Edward Ring*, 28 Cal. 247.

Law is that the charge of the court must be in writing when delivered unless waived. See act of 1867, page 53, sec. 368.

*G. H. Oury*, for the respondent.

The two counts in the indictment are properly joined. Howell's Code, chap. xi., sec. 217. *Kane* v. *People*, 8 Wend. 211.

Judgment may be rendered on any one good count. Id. 213, 214.

The difference in punishment of the two counts in the indictment is not so great as in grand larceny and receiving stolen goods. Howell's Code, chap. x., sec. 60, 63.

It has been held that counts for stealing and receiving stolen goods may be joined in the same indictment, and the court will neither quash the indictment nor compel the prosecutor to elect upon which count he will proceed. A receiver may be indicted as an accessary in one count, and for a substantive felony in another count; and although in his discretion the judge may put the prosecutor to his elec-

tion, he will not do so whenever it is clear that there is only one offense, and the joinder of the counts can not prejudice the defendant. Train and Heard's Precedent of Indictments, pp. 447, 448.

When the defendant was indicted in several counts for stabbing with intent to murder, with intent to maim and disable, and with intent to do grievous bodily harm, it was held that the prosecutor was not bound to elect on which count he would proceed, notwithstanding the judgment is different: in the first count capital, and in the other transportation. Roscoe's Crim. Ev., pp. 189, 190.

It can not be objected in error that two or more offenses of the same nature, on which the same or a similar judgment may be given, are contained in different counts in the same indictment; nor can such objection be maintained either on demurrer or arrest. 1 Wharton's Criminal Law, sec. 415.

In New York, in cases of felony where two or more repugnant offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made when several counts are inserted in an indictment solely for the purpose of meeting the evidence as it may transpire on the trial, the charges being substantially for the same offense. Id., sec. 423.

The two counts charge substantially the same offense, and not two separate and distinct offenses. The date, the place, and the names of the magistrate and of the person on whom the assault is charged to have been made, being identical in each count, show that the same act is charged, in each count, as the offense. *People* v. *Thompson*, 28 Cal. 215.

Under our practice, where two offenses charged to have been committed by the same act are both stated in the same indictment, the objection must be taken by demurrer, or it will be deemed waived, and a verdict of guilty of either offense will not be disturbed on that ground. *People* v. *Garnett*, 29 Cal. 626.

The demurrer in this case does not state any ground for which a demurrer will lie. Howell's Code, chap. xi., secs. 211, 265.

The proceedings of the court are presumed to be regular

and legal until the contrary is shown, and it must be affirmatively shown that error has been committed. *People* v. *Connor*, 17 Cal. 361, 362.

If the instruction may be correct under any supposed state of facts, as the appellant must show affirmative error, we presume in favor of the judgment below, and will not reverse the judgment when no statement appears. *People* v. *Levison*, 16 Cal. 100; *People* v. *King*, 27 Id. 514.

Judges must still, as formerly, state what facts are in evidence, and what are not; or in other words, they may state the evidence pro and con, in view of which the existence of certain facts is affirmed or denied, which includes the right to state to the jury that there is no evidence as to the particular facts or issues, when such is the case. *People* v. *King*, 27 Id., 513.

The court may charge the jury as to the credibility of a witness. *People* v. *Cronin*, 34 Id. 204.

The less abstract, the more useful the charge. Jurors find but little assistance in the charge of a judge who deals only in general and abstract propositions which he supposes to be involved in the case, and leaves the jury to apply them as best they may. Id. 204, 205.

When it does not appear that the law has been misrepresented, or the jury misled to the prejudice of the defendant, the judgment will be affirmed. Id., p. 204.

The court did not err in not charging the jury in writing, for the charge is in writing, filed with the papers in the case, and is referred to on the motion for a new trial. See record of the case.

The court did not err in charging the jury as requested by the prosecution, as the charges asked for and given were strictly in accordance with the statutory definition of the offense charged. Howell's Code, chap. x., secs. 50, 94.

The court did not err in charging the jury in regard to the first count.

The act of 1790 punishes the obstruction of every species of process, legal and judicial, whether issued by the court in session, or by a judge or magistrate acting in that capacity, in the execution of the laws of the United States. 1 Brightly's Federal Digest, p. 221, sec. 556, title Criminal Law.

62     TERRITORY OF ARIZONA *v.* DUFFIELD. [Jan. 1872.

The law referred to is almost identical with the law under which the indictment was found. See 1 Stat. at Large, p. 117, sec. 22, and Howell's Code, chap. x., sec. 94.

To complete the offense, it is not necessary that the person resisting should use or threaten violence. 1 Brightly's Federal Digest, p. 221, sec. 551, title Criminal Law.

The offense of obstructing process consists in the opposing or obstructing the execution of the writ, by threats or violence, which is in the power of the person to enforce. Id., sec. 558.

The officer is not obliged to risk or expose his person, or to proceed to a personal conflict with the defendant. Id., sec. 559.

No indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendants. Howell's Code, chap. xi., sec. 223.

After hearing the appeal, the court shall give judgment without regard to technical error or defect which does not affect the substantial rights of the parties. Id. sec. 468.

By Court, REAVIS, J.:

This cause was brought into this court on appeal from the district court of Pima county. There are numerous errors complained of on behalf appellant; but we do not feel called upon, nor do we deem it necessary, to examine more than the two following points, urged by counsel for appellant, a proper solution of which, in our judgment, will dispose of this whole matter:

First, it is claimed that the indictment in this cause in the court below contains two separate and distinct charges; and second, that the court erred in delivering an oral charge to a jury when the same should have been in writing, the defendant not having waived his right to have it so given.

There are two counts in the indictment, and the record shows that the jury returned a verdict of guilty as charged in both.

The first charges the defendant with an offense against public justice, to wit, in resisting the sheriff of Pima county in attempting to execute a lawful order of the judge of the

district court for said county, issued while sitting in the capacity of a committing magistrate, and directed to such sheriff for execution. Sec. 94, Criminal Code.

The second charges an offense against the person of an individual, that is to say, with an assault with a deadly weapon upon the person of said sheriff, with intent to put him in fear, and by fear to compel such sheriff to obey an unlawful command of said defendant. Sec. 50, Criminal Code.

We have no doubt of the erroneous joinder of those two offenses in the same indictment. Section 217 of our criminal code provides that "the indictment shall charge but one offense, but it may set forth that offense in different forms under different counts." In the case before us, it can not be claimed, as we think, with any kind of propriety, that the same offense has been set forth in different forms in the several counts therein contained. The offenses are wholly dissimilar, and can have no possible connection. The first is a crime against the public justice of the country, without reference to the person of the officer; while the second is a crime against the person of an individual, without reference to his official character. The other point to which our attention is directed is one of the gravest importance, and demands careful and serious consideration. The criminal code, sec. 368 of the compiled laws, requires the judge in all criminal cases to give his instruction to the jury in writing, unless its being so given shall be expressly waived by the defendant in each particular case in open court. How does the fact stand in this case? The record shows that the presiding judge below charged the jury orally, and that on the day following the return of the verdict, he filed with the clerk a manuscript purporting to be the charge he had given the jury the day before. Was this a substantial compliance with the statute? We think not. In the case of the *People* v. *Ah Fong*, 12 Cal. 345, the supreme court held, that "the fact that the judge told the counsel he would put the instruction in writing if desired does not help the error." This was after the charge was given. The mischief intended to be prevented by the act might have been partly done. The court further remarked in that case: "In such trials the exact language used is oft⸱⸱⸱ forgotten or differently un-

derstood by different persons; and in the press of business, with his attention diverted to various matters, it is next to impossible for a judge to remember days after the trial precisely what occurred during its progress." The same principle was decided in *People* v. *O'Hara,* by that court during the same term. It is true that the language of the statute under which the decisions referred to were made, is not identical with that of the statute of this territory on the same subject; yet we are of the opinion that the spirit and intent of the two acts are for all the purposes of justice substantially the same in effect. When the charge of the court to the jury in a criminal case is required to be given in writing, the presiding judge must first reduce it to writing and deliver its contents to the jury by reading in their hearing from the original manuscript. And it is no answer that the charge of the court was in writing at the time of its delivery to the jury when the judge gives orally from his recollection what purports to be the contents of the written charge. The jury in that case would be left wholly dependent upon the memory of the judge for the accuracy of his statements, however widely they might differ from those he had reduced to writing, and which, when filed, the law makes a part of the record.

The true point of inquiry is, What did the judge charge?

The defendant in a criminal case has an undoubted right to hear every word uttered by the judge to the jury, written at large in the record, and a failure to do so when required, touching the charge to the jury, as the law directs, is error.

The substantial requirements of the law in the particulars mentioned, not having been complied with, on the trial of this cause in the court below, the judgment must be reversed; and as we are of opinion that no valid conviction can be had upon the indictment herein, no new trial will be ordered.

It is therefore directed that the bail of appellant herein be and it is hereby exonerated, and the cause remanded for such further proceedings as shall be necessary and proper according to law.

TWEED, J., concurred.

Titus, C. J., delivered the following dissenting opinion:

I can not concur in the opinion of the court read in this case, and with due respect to those from whom I differ, the reasons of my dissent are thus submitted.

The opinion of the court alleges two errors as reasons for reversing the judgment—neither of them, however, in the language of the code, which we are here sworn to administer.

The errors as therein stated are: first, it is claimed that the indictment in this case contains two separate and distinct charges; second, the court erred in delivering an oral charge to the jury when the same should have been in writing, the defendant not having waived his right to have it so given.

Our code does not prohibit two charges from being included in the same indictment. It does declare, Proceedings in Criminal Cases, sec. 217, that "the indictment shall charge but one offense, but it may set forth that offense in different forms under different counts." Thus it will be perceived that it is two different offenses, and not two different charges, that are thus excluded from the same indictment. These terms are essential in our law, and concerning the substitution of one for the other, it may with becoming deference be submitted as a conjecture, whether the opinion of the court is not predicated on some other code, real or imaginary, different from our own.

Similar substitution of essential terms is also made in its statement of the second error, as it is declared to be. That statement is, "that the court erred in delivering an oral charge, etc., the defendant not having waived his right to have it given in writing."

Our code declares, Proceedings in Criminal Cases, Compiled Laws, sec. 368: "The charges of the court shall be in writing signed by the judge, and filed with the papers in the case, unless the defendant consent in open court for the charges to be given verbally." (As amended in 1867.)

The difference between the law as thus declared, and the error assigned is radical and essential. The law does not say how the charge shall be delivered, nor that it may not be delivered orally. How can the charge be delivered otherwise than orally, except by silently handing it to the jury in writing? Our law certainly does not require this. Even

if the judge read it to the jury, it must be done *viva voce.* It can be made audible in no other way. The law does not say when the charge of the court shall be in writing. In the course of this opinion it will probably appear that there is a constructive difference between the statement of the law in the opinion of the court and the text of which it is made.

The answer to the defendant's first exception is that it is not true in fact, and ought not, therefore, to avail in law.

The law of Arizona on this subject, which deserves *recitation*, is as follows, Compiled Laws, chap. xi., sec. 217: "The indictment shall charge but one offense, but it may set forth that offense in different forms under different counts." It is not and can not be pretended that duality of counts in the same indictment, under our law as thus cited, is or can be error. Its very letter thus permits as many counts as there are different forms of the one offense .charged in the same indictment.

Neither is multiplicity of charges error by the law of Arizona. A charge is an essential and indispensable part of every count in any possible criminal practice, and there must be as many charges as counts in the same indictment.

It is duality of offenses that our law declares to be error, when charged in the same indictment.

Careful inspection, aided by fair analysis, of the indictment in the present case will show that it charges but one offense.

The one act charged in both counts is single, simultaneous, indivisible. No judicial scrutiny, however critical, keen, and technical, can find a single element of more than one act in the two counts of the indictment under consideration. The day, the hour, the very instant; the place, the persons concerned, the occasion; the magisterial order which led to the offenses, the weapon drawn, the withdrawal of the defendant; his refusal to deliver his arms, his defiance— each word and incident of all these, however minute, are the same in both counts. So absolutely true is this, that each of these incidents in the second count is referred to its own identity in the first count by the word "aforesaid," so potent in criminal pleading for the purpose.

The order alone may be taken as the crucial test of this unity and identity. What was it, as described in such count?

"To disarm the said Milton B. Duffield." It is so described in both counts. More absolute sameness of description is impossible to the human intellect, than is found presented by this one particular of both counts of the indictment. There is no badge, no shade, no scintilla of difference.

No effort of the human mind can find aught in any act or incident of either count of this indictment, different in the slightest degree from the same act or incident of the other count of the same indictment. The judges of this court all know equally well that not on either side was it pretended in the argument of this case that more than one act was charged in the two counts of the indictment.

Trace the act to its personal consequences, and we find the same unity, the same identity.

Who suffered these consequences?

Of the many persons present on the occasion, the indictment describes Peter R. Brady, sheriff, as the person who was obstructed, resisted, and opposed; in the second count the same Peter R. Brady, sheriff aforesaid, as the person who was put in fear and compelled to obey an unlawful order. The act, the objects, the suffering, are the same in both counts. Peter R. Brady is the one man in both counts who suffered the same obstruction, resistance, opposition, the same fear, and the same man who was coerced to the same obedience.

For the first time in the annals of criminal practice, it is submitted, has this, or anything such as this, been construed into such a difference as constitutes a misjoinder in criminal pleading. It makes crime depend, not on the malignity, force, and imprudence of the perpetrator and the sufferings of the victim, but on the minute shades of difference in the remote consequences of his act.

Something more, it is submitted, than the rendition of a certain statute, or the construction of a doubtful one, will be required to find two offenses in the one act under consideration, single, simultaneous, entire, and indivisible as it is.

It is true that this offense, as described in the first count, is punished by a different penalty from the same offense described in the second count of the same indictment. This, however, is no proof of diversity or duplicity. The two parts of the one act which describes this one offense in its

two different forms were framed by the same codifier, enacted at the same time by the same legislature, published in the same code, and in one and the same chapter.   Howell's Code, chap. x., secs. 50, 94.   True it is that this one offense is described in its two forms in different divisions of the same chapter noted just above, entitled " Of Crimes and Punishments," in one form in the " Fifth Division," entitled " Offenses against the Persons of Individuals," and in the other form in the " Ninth Division," entitled "Crimes and Offenses against Public Justice."

This difference in the division never was intended legitimately to indicate any difference in the degree or character of the crime thus divided.   It was copied by Blackstone from Hale's Analysis of the Laws of England, and introduced into our code for the common purpose of convenience of reference.   By no judicial torture, however, it is submitted, can this fact be made a sufficient reason for assuming that to include these two forms of the same offense in one indictment by different counts is misjoinder in criminal pleading.

The crime of larceny, as modified by the Arizona statute of 1871, is punished differently from knowingly receiving stolen goods.   Compiled Laws, chap. x., secs. 60, 63.   They were, too, declared at different times by several legislatures. It will hardly be pretended that these may not be embodied in the same indictment by different counts.

In nearly every state of the Union the crime of burglary and the crime of grand larceny, when perpetrated by the same person or persons, in the same house and at the same time, are really but one offense, and may be included by different counts in the same indictment, though consecutive acts.    In California they are excluded, not by judicial construction, but by statute.

The incendiary, who fires a dwelling-house and burns it with its sleeping inmates, may also be indicted by different counts of the same indictment for murder and arson, and this though the firing and killing are consecutive in time.

The man who commits murder on the highway and robs his victim may, in nearly every state of the Union, be indicted in the same indictment by different counts for murder and highway robbery, though these two are consecutive

acts, and not like the one under consideration, entire, simultaneous, and indivisible.

The meaning of our law above cited, concerning the joinder of charges in different counts of the same indictment, is not left to mere conjecture or judicial decision, under our own or some other code here or elsewhere. It was enacted by congress, February 26, 1853, sec. 1, 10 Stats. at Large, 162, that whenever there are or shall be several charges against any person for the same act or transaction, or for two or more acts or transactions committed together, or for two or more acts or transactions of the same class of criminal offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments shall be found in such cases, the court may order them consolidated." By the same act it is declared that "any person admitted to manage suits in any court of the United States, or any of the territories thereof, who shall multiply indictments to increase expenses, may be mulcted in the costs." In the *American Insurance Co.* v. *Canter*, 1 Pet. 511, it was declared by Marshall, C. J., as the opinion of the supreme court, that "in legislating for the territories, congress exercised the combined powers of both the federal and state governments." In *Scott* v. *Sanford*, 19 How. 393, it was declared by McLean, J., that "the United States in legislating for the territories exercised the whole power on the given subject. This was what was meant by Marshall, C. J., in the *Insurance Co.* v. *Canter*, and not that the power of congress over the territories is absolute." The same conclusion is supported by *Hunt* v. *Palao*, 4 How. 589, and *Benner* v. *Porter*, 9 Id. 235.

By our organic law (of September 9, 1850, sec. 17, 9 Stats. at Large, 452, and February 24, 1863, sec. 2, 12 Stats. at Large, 665), the constitution and laws of the United States, which are not locally inapplicable, shall have the same force and effect in the territory of Arizona as elsewhere in the United States. If applicable at all, they apply, as they are passed, to the territories without any limitation as to time. What more necessarily applicable to the territories than a law to prevent multiplicity of criminal prosecutions, and the anxiety and expense which attend them!

This act of congress, and the authorities cited, show us that it must be regarded as a rule of construction in our criminal practice. There appears no trace of any attempt to limit this act, or to repeal it by any adequate power or authority. It applies here in the same manner, and for the same reasons, as the several recent amendments of the constitution of the United States, the act of congress of July 2, 1864, and 13 Stats. at Large, 374, concerning evidence, and similar acts of congress apply. To the territories over which congress has the sole power of legislation, it applies absolutely, and without any of the limitations which exist in favor of the states, over which the legislative power of congress is restricted.

The recent decision of the supreme court of the United States, in *Dunphy* v. *Kleinsmith,* 11 Wall. 610, places this beyond a doubt.

By the statute cited, several charges against any person for the same act or transaction, or for two or more acts or transactions connected together by time, place, occasion, and other circumstances, as are the charges contained in the indictment under consideration, may and must be joined by different counts in the same indictment.

The first exception to the indictment of the present case fails, therefore, by the highest exercise of legislative authority.

It fails also by the decisions, which both sides admit to be most instructive if not authoritative in the present case.

Where different offenses are joined in the same indictment by different counts, the misjoinder, if there is one, must be represented to the court before trial by demurrer. *People* v. *Garnett,* 29 Cal. 622. If this is omitted, a verdict on either count will not be disturbed.

In the futile demurrer filed, argued, and overruled in the present case, misjoinder of two different offenses, in its indictment, was not one of the errors specified. In *People* v. *Garnett,* 29 Cal. 622, already cited, it was declared by the court, Sanderson, J., "that the objection that two different offenses are included in the same indictment must be made by demurrer before trial. Taken in the present case, on motion in arrest of judgment, it was too late, as held in the *People* v. *Shotwell,* 27 Cal. 394." In the latter case

it was ruled that this error, if one, must be presented on demurrer. It can not properly be considered on motion in arrest of judgment.

Such is unquestionably the law of California. Neither on this nor on the other points made by the counsel for the appeal do the cases cited by him from that state sustain him.

To the same effect is Wharton's American Criminal Law, secs. 414, 422, referred to in the last case cited above.

Finally, we may cite, as decisive of the present case, from the code proceedings in criminal cases as follows: "Sec. 569. Neither a departure from the form or mode prescribed by this chapter, in respect to any pleadings or proceedings, nor an error or mistake therein, shall render the same invalid, unless it actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The second error, as it is alleged to be in the opinion of the court, was " the delivery of an oral charge to the jury when the same should have been in writing, the defendant not having waived his right to have it so given."

The departure from the law in the terms of this statement has already been referred to. The record does not show that the charge was not in writing, nor does it show a request on the part of the defendant to have the charge delivered in writing or read from a written manuscript.

The truth is, the charge was in writing when delivered, and with the evidence was occasionally referred to in its delivery, though neither was read throughout. No exception was made at the time, either to the charge or to the manner of its delivery.

The reasons for a new trial were filed by defendant's counsel three days after the delivery of the charge of the judge. The second of these is as follows: "The court erred in not charging the jury as requested by the defendant in writing." This, however, is an exception to the charge of the judge in not affirming the written charges of the defendant as so presented by him, and not a declaration that the charge was not itself in writing, nor the assertion that a request was made that the charge should be delivered in writing or otherwise than it was. That the charge was in writing when delivered is nowhere denied. No request was made to

read it, nor does the record or any contemporaneous act show it.

The error assigned was suggested by some cases decided in California under legal provisions radically different from those of Arizona.

Our law on this subject has been cited, and may be recited here. It is as follows: "The charges of the court to the jury shall be in writing signed by the judge and filed with the papers in the case, unless the defendant consent in open court for the charges to be delivered verbally."

The law of California on the same subject is as follows, Criminal Practice, sec. 362, cl. 6: "The charge shall be reduced to writing before it is given; and in no case shall any charge or instructions be given to the jury otherwise than in writing, unless by the mutual consent of the parties."

These two legal provisions are radically different, and they must necessarily give rise to judgments and decisions entirely different; and yet the decisions made in California, under a law thus shown to be wholly different from our own, are all that are invoked in fixing the law of Arizona. Its letter, its contexts, its reason, are all abandoned for judgments made there, under a code whose mandates are so different from that which prevails here. Are we here to administer the law of California or the law of Arizona?

If the law of Arizona is to be administered as a whole, no exception can be made to the charge of the judge, whether oral or written, after it is delivered and the jury has retired. If the law of Arizona is not to be administered as a whole, what part of it is to be disregarded or expunged by those who have been sworn to its observance as we have been?

Section 402 of our Law of Proceedings in criminal cases reads as follows: "On the trial of an indictment exceptions may be taken by the defendant to a decision of the court upon matter of law in any of the following cases: 1. In allowing a challenge to the panel of the jury or to an individual juror for an implied bias; 2. On admitting witnesses or testimony; 3. In admitting or rejecting witnesses or testimony, or in declaring any question of law not a matter of discretion, or in charging or instructing the jury upon the law on the trial of the issue."

All these exceptions may be made by the defendant alone. "Exceptions, however, may be taken by the prosecuting officer on behalf of the territory to a decision of the court, upon matter of law, in any of the cases specified in the third division of the preceding section."

There is but one other class of exceptions known to our criminal practice arising before the jury retires; and that is the class of exceptions which occur on written charges, presented by either party, to be allowed or disallowed by the judge, and to be by him indorsed. These are made part of the record by sec. 407 of the title last above cited, and as such they go up on appeal, without being embodied in any bill of exceptions.

Returning to sec. 402 of the same title, what part of it can be disregarded or expunged by this or any other court of Arizona? This court, however, it is submitted, proposes, in its written opinion in the present case, to disregard the first clause of it, which reads, "On the trial of an indictment," and which fixes the time and occasion when exceptions are to be made. Unaided and unexplained by any other rule, this clause would seem to have been embodied in our code for some purpose, and that the one which it literally expresses. There are two well-known rules, one of construction and the other of positive practice, which aid us to determine this. One is, that of every law, all its parts are to be so construed as to co-operate in its general design. The other is as old perhaps as trial by jury, and it is this, exceptions to the charge of the judge shall be made before the jury leave the box or not at all, that the error which the exception suggests, if any, may be corrected at the time. Neither party nor counsel is allowed to conceal his exception and then take advantage of it, if the result of the trial should be against him.

Secs. 404, 405, and 406 of the same title support this conclusion, and show for what purpose the charge of the judge is required to be in writing. These sections declare that the bill of exceptions, containing so much of the evidence as is necessary to explain the law and no more, shall be signed by the judge within ten days after the trial, and shall be filed with the clerk as soon as signed.

This shows that the only reason for requiring the charge

to be in writing is to aid counsel and court to settle the bill of exceptions.

If the first clause of sec. 402, which reads, "On the trial of an indictment," and which refers to all of the sections which follow it, especially the taking of exceptions, means anything, it is that by law no exception to the charge of the judge, after the jury has retired, can be allowed.

The conclusion, therefore, is that the exception to the manner of delivering the charge was made too late, and can not avail to disturb the judgment in the present case.

In support of the same conclusion are the cases cited. *People* v. *Chung Lit*, 17 Cal. 320; *People* v. *Garcia*, 25 Id. 531; *People* v. *Shuler*, 28 Id. 490.

The charge was in writing when delivered, and could have been produced to verify the correctness of its delivery, as well as for the purposes of exception, and settlement of exceptions, then or thereafter. I think the judgment ought not be to reversed.