NOTE.—The following decisions were found among the records of the court after the preceding portion of the volume was stereotyped, and for that reason they appear out of the order of date.

## TERRITORY OF ARIZONA, RESPONDENT, v. MICHAEL KENNEDY, APPELLANT.

IN CRIMINAL CASE, COURT MUST COMMIT CHARGE TO JURY TO WRITING and read it to the jury, unless the defendant expressly waive his right to have it so given; and where this is not done at the trial, the error is not cured by subsequently reducing the charge to writing.

APPEAL from the district court of the first judicial district, county of Pima. The opinion states the case.

*J. E. McCaffry, attorney general,* for the respondent.

The act approved October 5, 1867, does not require that the charge shall be filed before the jury leaves the box; it is sufficient that it be written and filed.

The rights of the defendant have not been infringed; the charge is in writing and filed with the papers in the case.

The statute of October 5, 1867, was made to enable the defendant to except to any portion of the charge; no exceptions have been taken, and it is not claimed that the charge filed is not the identical charge delivered to the jury.

The decisions cited by counsel for appellant were made upon a law wholly different from this. Hittell's General Laws of California, sec. 1949.

The true intent of our laws in regard to proceedings in criminal cases is that the defendant can not take advantage of any informality which does not tend to his prejudice. Howell's Code, c. 11, sec. 223.

Acts *in pari materia* are to be taken, compared, and construed together, and the real intention of the lawgiver ascertained, although such construction seem contrary to the letter of the statute. *People* v. *Utica Ins. Co.*, 15 Johns. 379; S. C., 8 Am. Dec. 243; 1 Kent's Com. 501, 502, 505, 506; *Gibbons* v. *Ogden*, 9 Wheat. 188; *Church* v. *Crocker*, 3 Mass. 21.

By Court, TWEED, J.:

The defendant was tried and convicted of the crime of robbery in the district court for Pima county at the October term for the year 1871. The appeal is from an order of that court overruling a motion for a new trial, to which order the defendant, by his counsel, excepted. The error complained of, or so much thereof as we deem it necessary to consider, appears in the statement signed by the judge who tried the cause, and is to the effect "that the charge of the court to the jury was delivered orally," the defendant not having waived in open court his right to a written charge. It appears from the record that a written charge purporting to be the charge given by the court, was filed some days subsequent to the trial. Upon the argument of the cause before us, it was, we think, claimed that the charge was in fact reduced to and was "in writing" when delivered, but it was conceded that the charge was not read to the jury. The case stands in this regard precisely as did the case of the *Territory* v. *Duffield, ante,* p. 58, which has been decided at this term. Since the opinion in that case was prepared, his honor the chief justice has submitted to us a dissenting opinion therein. We have examined this dissenting opinion carefully and with great deference to the learning and judicial experience of the chief justice, but it fails to convince us that the conclusions arrived at by him are correct. That portion of section 368 of proceedings in criminal cases governing this matter reads as follows: "The charges of the court to the jury shall be in writing, signed by the judge, and filed with the papers in the case, unless the defendant consent in open court for the charges to be given verbally." Comp. Laws, 137.

The provision is a most important one to a party charged with crime. It enables him, upon a motion for a new trial

or upon appeal, to reproduce the exact language of the charge, and to assign error, if the charge is legally objectionable, with a degree of precision and accuracy impossible to be attained when the charge is given verbally: nothing is left to the recollection of the court or the counsel in the cause. If a rigid adherence to this provision of our statute should defeat the ends of justice in any particular case, it is to be regretted; but however this may be, the rights which it secures to a defendant in a criminal action may not be denied him. The filing with the papers in the case of a written charge conforming as nearly as possible according to the recollection of the judge to the charge verbally given is in no sense a compliance with the law. Exactness, certainty, entire and complete accuracy, as to the whole charge, is what the law aims at, and this in the interest of the accused; and it seems to us that this certainty can not be so well attained in any other manner as by reading the charge to the jury, and we have no doubt that this is what the law requires to be done.

The judgment is reversed, and the cause remanded for a new trial.

REAVIS, J., concurred.