[Criminal No. 77.   Filed April 8, 1893.]

In the Matter of the Application of J. J. SMITH for a Writ of Habeas Corpus v. TERRITORY OF ARIZONA, Respondent.

1. ROBBERY—DEFINED—REV. STATS. 1887; PENAL CODE, PAR. 319; LAWS 1889, ACT NO. 2, APPROVED FEBRUARY 28, 1889, CITED, AND LATTER HELD NOT TO REPEAL FORMER.—The act of 1889 did not repeal paragraph 319 of the Penal Code. It merely defines a new and additional offense.

2. APPEAL—VERDICT CONTRARY TO EVIDENCE—MUST BE TAKEN ADVANTAGE OF BY APPEAL.—If the jury found the applicant guilty of the offense charged upon evidence that would have warranted a conviction for another offense, their verdict was contrary to the evidence and erroneous, and the matter should have been presented by appeal.

3. HABEAS CORPUS—NOT PROPER FOR REVIEW OF ERRORS NOT GOING TO JURISDICTION.—We cannot review the record upon an application for a writ of *habeas corpus* to correct mere errors that do not go to the jurisdiction of the court over the offense or the person.

ORIGINAL APPLICATION in supreme court.

Stewart & Doe, for Applicant.

Francis J. Heney, Attorney-General, for Respondent.

KIBBEY, J.—It is alleged in the petition that the applicant was indicted, tried, and convicted in the district court of Yavapai County for the crime of robbery, and was sentenced therefor to the territorial prison, where he is now confined; that the evidence at the trial showed that the offense, if any, was committed by means of a willful and malicious assault upon a railroad train with an intent to commit robbery.

The indictment charged the crime of robbery, which is defined in section 319 of the Penal Code as follows: "Robbery is the felonious taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

The offense was alleged to have been committed on the twentieth day of March, 1889. By act of February 28, 1889,

it is provided (etc.) ''that whoever willfully makes an assault upon a railroad train . . . for the purpose and intent to commit . . . robbery . . . is punishable with death.''

The applicant urges that the act of 1889 repealed section 319 of the Penal Code, before quoted, and that therefore the court had no jurisdiction of the offense charged.

We do not think the act of 1889 repealed section 319. It merely defines a new and additional offense. If the jury found the applicant guilty of the offense charged upon evidence that would have warranted a conviction for another offense, and not the one charged in the indictment, their verdict was contrary to the evidence, and therefore erroneous, and the matter should have been presented to us by appeal.

We cannot review the record upon an application for a writ of *habeas corpus* to correct mere errors that do not go to the jurisdiction of the court over the offense or the person charged with it.

The petition is denied, all the judges concurring, and the applicant is remanded to the custody of the proper officer.