# Towery *v.* The State.

### *Habeas Corpus Proceeding.*

1. *Habeas corpus; regularity of proceedings in other courts cannot be inquired into.*—Upon the hearing of a *habeas corpus* proceeding, there is conferred no "Authority to inquire into the regularity or justice of any order, judgment, decree or process of any Court legally constituted" (Code, sec. 483); and, therefore, upon the hearing of a *habeas corpus* where there is necessarily involved the proceedings had in another Court, it is proper to refuse to discharge the petitioner.

APPEAL from an order of the Chancellor of the Northern Chancery Division.

Heard before the HON. WILLIAM H. SIMPSON.

The appellant and one Fint Towery were indicted on the charge of murder in the first degree. They applied to the Judge of Probate of Madison County for their discharge on *habeas corpus*. An order was made in that proceeding, granting them bail in the sum of $2,500 each. The State appealed from that action of the Judge of Probate, and the appeal is pending before this Court. Pending the appeal, Dalton Towery, the appellant in this case, was tried, a severance having been demanded. The trial was begun in the Circuit Court of Madison County on February 28, 1905, and the trial was completed and the jury retired to consider their verdict about seven o'clock, P. M., on Wednesday, March 1st.

The jury remained together on Wednesday night considering the case until about ten o'clock, when they were allowed to retire to their hotel. They met again Thursday morning, and engaged in deliberation during Thursday until eight o'clock Thursday night, when they were excused for the night; and on Friday morning they returned and deliberated until one o'clock, when they were excused for dinner. On Wednesday night, just before the jury retired, the foreman stated to the Court that he did not think it was possible for the jury to agree, and again, on Thursday night, one of the jurors stated to the Court that he did not think it was possible for the jury to agree. On Friday afternoon, they were called before the Court, and one of the jurors stated that the jury could not agree if they remained there until Christmas, two or three jurors nodding assent to this statement, and the Court thereupon discharged them. The term of the Court at which the trial was had expired on Saturday, the fourth day of March, at twelve o'clock P. M. On Saturday, the fourth, the appellant moved the Court for his discharge, setting up the facts hereinabove mentioned, which motion the Court overruled. The appellant excepted to the action of the Court and tendered his bill of exceptions to the presiding Judge, which was signed on March 8th, the defendant having taken an appeal from the action of the Court in denying his motion. On March 8th, the appellant applied to the Chancellor of the Northern Chancery Division for his discharge on *habeas corpus,* which was denied, and he was remanded to jail. From this action of the Chancellor, the present appeal was prosecuted.

LANIER & PRIDE *and* COOPER & FOSTER, for appellant, cited: *Cobia v. State,* 16 Ala. 781; *McCauley v. State,* 26 Ala. 135; *Ex Parte Vincent,* 43 Ala. 402; *Foster v. State,* 88 Ala. 182; *Jones v. State,* 97 Ala. 77; *Hayes v. State,* 107 Ala. 1; *Bell v. State,* 48 Ala. 684; *Cook v. State,* 60 Ala. 39; *Jackson v. State,* 102 Ala. 76.

MASSEY WILSON, Attorney General, for the State.

[Towery v. The State.]

DENSON, J.—The writ in this case was sued out under the statute; and the jurisdiction conferred by the statute on the Chancellor to entertain and hear the petition is to be, and was in this case, exercised in vacation; and the proceeding was original, and by it the validity of the process, under which petitioner was held, and the proceedings had in the Circuit Court were drawn in question collaterally. The general principle, then, prevails, that, when a record or process is collaterally assailed, it must be for illegality, not for error or irregularity. The statute affirms this principle, in declaring that on the return to a writ of *habeas corpus,* there is no "Authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted," etc.—Code, § 4837; *Kirby v. State,* 62 Ala. 51.

The ground upon which was rested the supposed right of the appellant to be discharged from custody in this case, as shown by his petition and the proceedings had before the Chancellor, necessarily involved the regularity of the proceedings had and order made in the circuit court, in a trial had of the petitioner in that court on an indictment for murder, and this was a good reason for the Chancellor's refusal to discharge the petitioner, appellant, from custody.

It is also doubtful whether *habeas corpus* is defendant's remedy. *Ex parte Winston,* 52 Ala. 419; 1 Bishop's Criminal Practice, § 587; *Wright's case,* 7 Ind. 324; *Ex parte Rutheven,* 17 Mo. 541; *Gillespie v. Rump,* 72 N. E. Rep. 135; *Ex parte Smith,* 78 Pacific Rep. 1035.

We must not be understood as intimating any opinion as to the merits of appellant's insistence that he has been in jeopardy.

The order of the Chancellor appealed from is affirmed.

McCLELLAN, C. J., TYSON, and DOWDELL, J. J., concurring.