[Criminal No. 474.   Filed February 2, 1920.]

[186 Pac. 1117.]

J. G. CROWLEY, as Town Marshal of the Town of Jerome, Yavapai County, Arizona, Appellant, v. JAMES GANNON, PAT RYAN, DAVID MO- LARO, PAUL AIMAR, PATRICK SULLIVAN et al., Respondents.

1. HABEAS CORPUS—WRIT NOT AVAILABLE TO REVIEW ERRORS OF POLICE MAGISTRATE HAVING JURISDICTION.—On *habeas corpus,* the superior court had no authority to review the action of the police magistrate of a town in determining the question of petitioners' violation of an ordinance, the writ not being available to correct errors in procedure in a case where a magistrate's court has jurisdiction of the person and subject matter.

2. HABEAS CORPUS—PRESUMPTION THAT ADMISSION OF PETITIONERS TO BAIL PENDING APPEAL FROM DISCHARGE WAS PROPER.—On appeal from an order discharging petitioners from custody on *habeas corpus,* the Supreme Court must presume that the superior court has done its duty in admitting petitioners to bail pending determination of the appeal, as provided by Civil Code of 1913, paragraph 1227; the record being silent on the subject.

APPEAL from an order of the Superior Court of the County of Yavapai. J. J. Sweeney, Judge. Vacated and remanded.

---

1. Upon the question of the review of proceedings of police courts or magistrates by *habeas corpus,* see note in 87 **Am. St. Rep.** 199.

Mr. Perry M. Ling, County Attorney, for Appellant.

Mr. Thomas J. Croaff, for Appellees.

CUNNINGHAM, C. J. — The appellee James Gannon petitioned the superior court of Yavapai county, praying a writ of *habeas corpus* issue, directed to J. G. Crowley, as town marshal, commanding him to produce the petitioner and other persons named before the said court for the purpose of inquiring into the cause and legality of the imprisonment of said persons by said Crowley as such marshal. The petition sets forth: That the imprisonment of the petitioners was brought about through a conspiracy entered into by the said Crowley, as such town marshal, and W. S. Adams, the police judge of said town of Jerome, with one Robert Talley and many and divers other persons to the petitioners unknown. Such persons are charged in the petition as having ''connived and conspired together to work an injustice and hardship upon your petitioners and to imprison them. That it was then and there arranged, agreed and understood by the aforesaid conspirators that the said Adams and the said Crowley should fraudulently, wickedly and maliciously, under the color and pretense of acting in their official capacity, cause the arrest of your petitioners for the purpose of satisfying the personal spite and malice of the said Robert Talley and the other persons unknown, as aforesaid, to your petitioners. That, in accordance with the said conspiracy and without acting in good faith, as officers of the town of Jerome, and with no intention of acting in their official capacity, caused the arrest and imprisonment of all of your petitioners.''

The petition then sets forth the steps in the going through the form of an arraignment on a charge of violating Ordinance No. 74, laws of said incorporated town, and charges that the police judge presiding over the court denied the petitioners the right to have legal counsel; pretended to sentence the petitioners to imprisonment for twenty-five days, and suggested, on request, that bail on appeal would be fixed at $1,000 for the "whole bunch." That the petitioners were confined in the basement of a hotel as a prison. The petitioners deny that they have violated any law of the state, including the said town ordinance. Upon the showing made by the petition, the writ was issued, requiring the town marshal to show cause of the imprisonment of the petitioners.

The appellant, as such town marshal, made return to the writ, setting forth that—

"Pursuant to the attached copy of commitment and certified copy of judgment issuing out of the police court of the town of Jerome, . . . I am holding, as town marshal, . . . the following: . . . "— naming the petitioners, except certain named parties, who he denies having in custody.

Annexed to his said return, and as a part thereof, are exhibited a judgment of conviction in regular form, certified as a correct copy by W. S. Adams, as police judge, reciting that the defendants therein named had been charged, tried and convicted of violating Ordinance No. 74 of the ordinances of the incorporated town of Jerome, and by such magistrate had been sentenced to serve twenty-five days each in prison as punishment for such offense, and dated the thirteenth day of February, 1919. Accompanying this document is the commitment issued by the magistrate in regular form, requiring and commanding the town marshal, J. G. Crowley, to take and hold the persons named therein in his custody in the jail and there safely keep, etc.

The minute entries of February 19, 1919, show that the petitioners objected to the return upon the following grounds: First, because the commitment is faulty; second, because the return "does not show that petitioners are being held by proper authority"; third, because the return "does not show that the trial court had jurisdiction." These objections were each duly overruled. The testimony of the petitioners was introduced, and the facts settled by a bill of exceptions. The oral testimony given principally by the petitioners who were sworn is, in substance, as follows: Some of the petitioners were standing in front of a store when a police officer directed them to move on because, as he claimed, they were blockading the sidewalk. The policeman gave such order immediately after he had been talking to Robert Talley, general manager of the United Verde Copper Company. That a short time later petitioners were again warned to the same effect. That the petitioners who had been thus ordered to move on did pass on to another side of the street, and there they were arrested on the charge of obstructing the public streets. That about twenty-five persons were arrested on this charge. That at the time of the arrest petitioners were standing on the street or sidewalk in such manner as to leave sufficient space for the free passage of vehicles or pedestrians along the same. The remaining testimony has reference to the matters which took place at the trial, showing a course of regular procedure in such cases. The convicted defendants gave notice of appeal, and at their request bail was fixed by the magistrate.

The statement of facts settled by stipulation as contained in the record clearly and without any doubt establishes that the issue tried before the judge of the superior court in this *habeas corpus* proceeding was whether or not the petitioners had

been justly convicted of the offense of obstructing the public streets of the town of Jerome in violation of Ordinance No. 74 of that incorporated town. Such investigation is the review of the determination of the police magistrate in the same matter—a trial *de novo* of the charge in a *habeas corpus* proceeding.

The appellant moved to strike all of such evidence. The court first correctly granted the motion, then upon reconsideration, at a later stage of the trial, finally denied the motion. The issue presented by the petition was whether the charge, the arrest, the trial, and the imprisonment were the direct result of a conspiracy entered into by Robert Talley, J. G. Crowley, W. S. Adams and divers other persons to petitioners unknown. The return to the writ offered and alleged that the charge, the arrest, the judgment and the authority for imprisoning the petitioners were all regular, and exhibits accompanied the return, showing such necessary instruments regular on their face. No denial of the truth of the return was offered by the petitioners. Not a word of evidence was offered to sustain the allegations of the petition. The evidence offered by the petitioners to the effect that the procedure at the trial to its close was regular amounted to evidence in support of the return. The evidence that pertained to the matter of the guilt or innocence of the charge had no place in this proceeding, and should have been stricken. The motion did not segregate the objectionable from the unobjectionable evidence, and for that reason was denied.

The record is not at all clear as concerning the theory upon which the judge acted in discharging the petitioners. The evidence wholly fails to sustain the allegations of the petition, but is conclusive to the contrary. If the court's order was entered upon the theory that the petition sets out, then his conclusion is wrong and without support of the evidence,

but clearly against all the evidence. If the court discharged the prisoners on the theory that they are not guilty of the offense charged, then the conclusion was reached by reviewing the action of the police magistrate in determining the question of the guilt or innocence of the petitioners. This is beyond the authority of the court in this kind of proceeding. Such procedure is, in effect, using the writ of *habeas corpus* to correct errors in procedure in a case where a magistrate's court has jurisdiction of the person and of the subject matter, the offense charged. For such purpose the writ is not available. *In re Silvas,* 16 Ariz. 41, 140 Pac. 988. On either theory the court committed error in ordering the petitioners discharged from custody.

The county attorney of Yavapai county, representing the appellant, stated at the bar of this court that the petitioners, after their discharge, have scattered over the country, and may not be returned to custody. In reply to any questions arising from such facts and from the result of this appeal, we call attention to paragraph 1227, Civil Code of Arizona of 1913, stating that—

"In the case of an appeal from an order or judgment discharging the petitioner, the court may admit the petitioner to bail pending the determination of the appeal."

I am constrained to presume that the court has done its duty in the premises; the record being silent on that subject.

The order discharging the prisoners is error, and must be and is hereby vacated. The cause is remanded to the lower court for such further action as the law provides.

Reversed and remanded.

ROSS and BAKER, JJ., concur.