[Crim. No. 3994.   Second Dist., Div. Three.   Feb. 21, 1946.]

In re R. W. AGNEW on Habeas Corpus.

Lorrin Andrews for Petitioner.

M. Arthur Waite, District Attorney (Ventura County), and Hal V. Hammons, Jr., Chief Criminal Deputy District Attorney, for Respondent.

SHINN, J.—The court granted a petition for writ of habeas corpus in this matter, basing its order upon the assumed truth of the allegations of the petition, one of them being that the trial in the superior court was an original trial upon a misdemeanor charge, and not a retrial in that court after a reversal of a city court judgment. Other allegations were that the petitioner had been denied his constitutional right to be represented by counsel, and that he had been convicted and sentenced without a trial, and we assumed he was seeking his release from custody because of the want of jurisdiction of the superior court to try him. It also appeared from the petition that the petitioner was attempting to prosecute an appeal from a judgment of the superior court, following an original trial and conviction in that court upon a misdemeanor charge, and that he had demanded and had been refused bail by the superior court. It appeared upon the hearing that he was convicted by a jury in the City Court of Oxnard of a violation of section 502 of the Vehicle Code, that he prosecuted an appeal to the superior court, and that there was a reversal and a retrial in the superior court resulting also in a jury verdict of guilty. His right to bail would depend upon his having a right to prosecute an appeal from that judgment.

The court is of the opinion that he has no right of appeal (*Portnoy* v. *Superior Court* (1942), 20 Cal.2d 375 [125 P.2d 487]), and therefore that he has no right to bail.

His contention that his constitutional rights were violated, that he was convicted without due process of law, finds no support in the record nor in the testimony that has been given. The record shows that petitioner was duly arraigned in the justice's or city court. He testified that he elected to defend himself in that court and we are satisfied that he was advised as to his right to be represented by counsel and that he fully understood it. It also appears from his testimony that he chose to represent himself upon the trial in the superior court, and the court is of the opinion that he understood his right to be represented by counsel and that there was no necessity for a repetition of the advice he had once received in that matter. The judgment having been reversed, petitioner was triable in the superior court upon the complaint that had been filed in the city court. The filing of an information would have been an unauthor-

ized procedure, and none of the code provisions applying to procedure in felony prosecutions which have been cited here have any application to the proceedings that were had in the superior court. There is, as we have said, no right to bail upon the attempted appeal from the judgment of the superior court. There is nothing to indicate in the slightest degree that the superior court was without jurisdiction to render the judgment under which the petitioner is now confined. For these reasons the writ is discharged and the petitioner is remanded to the custody of the sheriff of Ventura County for execution of the judgment, which is set forth in the return.

Desmond, P. J., and Wood, J., concurred.