222 P.2d 632

**OSWALD v. MARTIN.**

No. 5394.

Supreme Court of Arizona.

Decided Oct. 2, 1950.

Herbert Mallamo, of Phoenix, for petitioner.

Bryce H. Wilson, County Attorney, and John L. Donahue, Jr., Deputy County Attorney, of Tucson, for respondent.

UDALL, Justice.

Petitioner Ernest A. Oswald made an original application to this court for a writ of habeas corpus alleging that he was unlawfully restrained of his liberty by the respondent who was holding him in the Pima County jail. The writ was issued directed to Sheriff Jerome P. Martin of Pima County, who produced the body of petitioner before us on the date appointed, together with his response to the writ, appended to which was a certified copy of the complete record in the criminal case of

394

State of Arizona v. Oswald, including the commitment under which he was being held.

We granted oral argument and being then fully advised in the premises made a minute order (one justice dissenting) quashing the writ of habeas corpus and remanding the petitioner to the respondent for the serving of the sentence imposed. It was stated that the written decision required by the Constitution of Arizona, Art. 6, Sec. 2, would follow in due course. We now formally state our reasons for quashing the writ.

It appears from the record before us that petitioner was charged in Justice Court Precinct No. 1 of Pima County on four misdemeanor counts. He was arraigned, pleaded not guilty, and after a jury trial was convicted on two counts, which included the crime of reckless driving under Sec. 66-403, ACA 1939. For this offense he was sentenced to pay a $100 fine and serve 15 days in the county jail. An appeal was taken to the superior court where the case was tried de novo before the court sitting with a jury, which resulted again in conviction on the reckless driving charge. Following a denial of his motion for a new trial and in arrest of judgment, the court imposed sentence of a fine of $150 and 20 days in the county jail. Petitioner has no remedy by appeal from this judgment. Sec. 44-2507, ACA 1939, State v. Guthrie, 66 Ariz. 41, 182 P. 2d 109, and cases cited therein.

Petitioner alleged generally as the basis for his application for this ancient writ that he was being deprived of his liberty without due process of law and in violation of the equal protection clauses of both the federal and state constitutions. Specifically, he asserted that the court had committed fundamental error, depriving him of a substantial right, in failing to follow the mandatory provisions of the constitution and statutes of this State with reference to the charging of a jury orally without a court reporter being present to take down, and if necessary, later transcribe said instructions, or else having said instructions written out beforehand, signed by the court and filed with the clerk.

The following constitutional and statutory provisions are claimed by petitioner to be controlling in this matter:

Art. 6, Sec. 12 of the Constitution of Arizona in part provides: "Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law."

Art. 6, Sec. 22 of the same document provides further: "The pleadings and proceedings in criminal causes in the courts shall be as provided by law."

Sec. 44-1808, ACA 1939, states in part: "6. The judge may then charge the jury and must do so on any points pertinent to the issue, if requested by either party; and he shall declare the law. If the charge be

not given in writing, it must be taken down by the court reporter."

Sec. 44-1840, ACA 1939, provides further:

"(1) The court shall instruct the jury regarding the law applicable to the facts of the cause.

"(2) The charge of the court may be either oral or written, but if oral it shall be taken by a court reporter."

Sec. 44-1811, ACA 1939, provides: "The law of evidence, and of instructions and oath to jury, in civil actions shall also apply to criminal actions, except as otherwise provided in this Code."

Great reliance is placed upon the following two early decisions of this court, viz.: Territory v. Kennedy, 1 Ariz. 505, 25 P. 517, and Territory v. Duffield, 1 Ariz. 58, 25 P. 476, interpreting and construing similar statutory provisions relative to the manner of giving instructions to juries in felony cases.

The respondent points out that these decisions were rendered long prior to the adoption of our State Constitution and under somewhat different statutes and urges that the pronouncements there made are not now controlling. Basically, however, the provisions as to the manner of giving and preserving instructions to a jury in felony cases remain the same, though there are now other statutes and legal principles hereinafter cited, that have

a material bearing on the problem presented in this habeas corpus matter that there was no occasion to consider in the early Arizona cases heretofore cited.

From the Kennedy case, supra [1 Ariz. 505, 25 P. 517], we quote the following excerpt upon which petitioner relies: "The provision (as to manner of giving and preserving instructions) is a most important one to a party charged with crime. It enables him, upon a motion for a new trial or upon appeal, to reproduce the exact language of the charge, and to assign error, if the charge is legally objectionable, with a degree of precision and accuracy impossible to be attained when the charge is given verbally. Nothing is left to the recollection of the court or the counsel in the cause. If rigid adherence to this provision of our statute should defeat the ends of justice in any particular case, it is to be regretted; but, however this may be, the rights which it secures to a defendant in a criminal action may not be denied him. The filing with the papers in the case of a written charge conforming as nearly as possible, according to the recollection of the judge, to the charge verbally given, is in no sense a compliance with the law. Exactness, certainty, entire and complete accuracy, as to the whole charge, is what the law aims at, and this in the interest of the accused; and it seems to us that this certainty cannot be so well attained in any other manner as by reading the charge to the jury, and we

have no doubt that this is what the law requires to be done."

In the *Duffield* case, *supra*, this court stated: "The defendant in a criminal case has an undoubted right to have every word uttered by the judge to the jury written at large in the record, and a failure to do so when required, touching the charge to the jury, as the law directs, is error." [1 Ariz. 58, 25 P. 477.]

There is a vast distinction between the principles announced in the cases just quoted from and the questions raised in the present proceedings. Habeas corpus was not there involved. Both of those early cases were appeals from felony convictions and both were reversed for errors held to have denied the defendants procedural due process. Here, there being no appeal from the judgment and sentence imposed upon defendant, it is conceded that the only possible prejudice resulting to him because the instructions were not written was that he was unable thereafter to review them and specifically point out to the trial court the errors, if any, in said instructions upon presentation of his motions in arrest of judgment and for a new trial. It is not alleged that the instructions were in fact erroneous but only that they were given orally and not taken down by a court reporter.

■ Habeas corpus cannot be used as means of reviewing errors and irregularities which do not effect the jurisdiction of the court. Ex parte Wilson, 140 U.S. 575, 11 S.Ct. 870, 35 L.Ed. 513; Ex parte Smith, 4 Ariz. 95, 78 P. 1035; Ex parte Silvas, 16 Ariz. 41, 140 P. 988; Crowley v. Gannon, 21 Ariz. 234, 186 P. 1117; State v. Grantham, 30 Ariz. 591, 249 P. 758; State v. Henderson, 34 Ariz. 430, 272 P. 97; Smith v. Warren, 52 Ariz. 237, 80 P.2d 394; In re Harrison, 55 Ariz. 347, 101 P.2d 457. See also 25 Am.Jur., Habeas Corpus, Sec. 28.

■ Petitioner has failed to recognize that "lack of due process" and "lack of jurisdiction" are not necessarily synonymous terms. As is stated in Wells v. Pridgen, 154 Ga. 397, 114 S.E. 355, 356: "[D]enial of due process of law, though erroneous, must be such as to deprive the court of jurisdiction, in order to authorize habeas corpus."

In 25 Am.Jur., Habeas Corpus, Sec. 55, in outlining the use of this writ, it is said: "The sole question involved is that of jurisdiction * * * that is, the question as to whether the court had jurisdiction of the person of the petitioner and of the subject matter, and according to the prevailing view, power to render the particular judgment." See also 39 C.J.S., Habeas Corpus, §§ 15 and 16, Ex parte Solway, 82 Mont. 89, 265 P. 21; Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. ——.

The Supreme Court of Oklahoma in the case of Ex parte Long, 26 Okl.Cr. 259, 223 P. 710, 711, stated:

"It is undoubtedly the law that upon habeas corpus cognizance can be taken only of defects of a jurisdictional character, which render the proceeding under which the petitioner is imprisoned not merely erroneous, but absolutely void."

"It is well settled in this jurisdiction, and elsewhere, that mere irregularities or mistakes cannot be reviewed or corrected by the writ of habeas corpus." State v. Superior Court, 25 Ariz. 226, 233, 215 P. 538, 541, and see cases collected supra.

This same thought is expressed in an Oklahoma case: "Mere errors or irregularities, however numerous and gross, committed during the trial, which render a judgment voidable merely, cannot be corrected by habeas corpus." Ex parte Pike, 50 Okl.Cr. 125, 296 P. 529.

Neither does the fact that there was no appeal in the instant case alter the rule. "That there is no appeal from judgment of district court following an appeal from municipal court does not affect the principle that habeas corpus is not available for the consideration of nonjurisdictional errors." Ex parte Ohl, 59 Nev. 309, 92 P.2d 976, rehearing denied 59 Nev. 309, 95 P.2d 994. See also In re Agnew, 73 Cal.App.2d 192, 166 P.2d 65; 25 Am.Jur., Habeas Corpus, Sec. 28.

█ It must be remembered that the proceeding of habeas corpus is in the nature of a collateral attack of a civil nature upon the validity of the judgment. Ex parte Harrison, 55 Ariz. 347, 101 P.2d 457.

Applying the foregoing legal principles to the factual situation shown in the instant case, it manifestly appears that the trial court in the criminal proceedings had jurisdiction of the person of the petitioner and of the subject matter, to wit: the offense of reckless driving, as well as the power to render the particular judgment and to impose sentence.

█ A court reporter may be an essential and integral part of the court in the trial of certain criminal cases inasmuch as the statute, Sec. 44-1804, ACA 1939, requires him to attend court in all cases prosecuted by indictment or information, and Sec. 44-1808, supra, requires that the court's charge to the jury, if oral, must be taken down. However, we hold that in the trial of a misdemeanor case, which is not prosecuted by either indictment or information but upon the complaint filed in the justice court, that a court reporter is not a necessary constituent of the court. 13 Cal.Jur., Sec. 18, pp. 237–8. Therefore, the absence of such officer did not deprive the court of jurisdiction in the first instance, nor was such jurisdiction lost during the course of the trial when it came time to instruct the jury and the reporter was not present to perform his ordinary duties.

Sec. 19-403, ACA 1939, in prescribing the duties of the court reporter, states:

" * * * court reporter shall attend court during the hearing of all matters before it, unless excused by the judge."

 Public officers are presumed to do their duty, hence may we not safely assume that the judge had excused the reporter from attendance at this trial? Certainly the record is silent as to any request for a reporter by counsel for defendant. This as we view it amounted to a waiver of that right as the trial court would doubtless have required the reporter to be present had such a request been made or had the court on its own motion deemed his presence necessary.

Indicative of the limitations imposed by appellate courts as to what may be inquired into on habeas corpus, we cite the excellent opinion in the case of Ex parte Ohl, supra. The Nevada Supreme Court in that case held that the trial of a defendant in the district court without a jury (a jury not having been waived) on an appeal from a misdemeanor conviction in the municipal court was at most a non-jurisdictional error. We quote an excerpt from this opinion: "That the constitution does not prevent a waiver of a jury trial in a misdemeanor case will not be doubted. The absence of a jury therefore in such a case would not affect the jurisdiction of the court to proceed to trial and judgment. A denial of a jury trial in a case of that character would be merely an error within jurisdiction and beyond the reach of habeas corpus. Ex parte Miller, 82 Cal. 454, 455, 22 P. 1113;

In re Fife, 110 Cal. 8, 42 P. 299. In the latter case the petitioner sought release by habeas corpus from imprisonment for conviction on a charge of vagrancy. He had not waived a jury trial in the police court and expressly demanded it in the superior court. It was held that the denial by the lower court of the demand for a jury was only error and did not go to the question of jurisdiction, and therefore could not be reviewed in the proceeding of habeas corpus. The writ was dismissed. The court said: 'Upon a thorough examination of the question, we are forced to the conclusion that either in civil or criminal cases the denial of a trial by jury is merely error to be corrected on appeal, and does not go to the jurisdiction of the court, so that it may be inquired into on habeas corpus, except in those cases where a jury cannot be waived and therefore is a necessary constituent part of the court.' " [59 Nev. 309, 92 P.2d 978.] cf. State v. Shearer, 27 Ariz. 311, 232 P. 893.

Concerning the fact that there was no appeal from the judgment of the district court in the Ohl case, the court said: "But petitioner contends that as there is no appeal in this case from the judgment of the district court, the error claimed should be reviewed in this proceeding. This contention, if allowed, would convert the writ of habeas corpus into a writ of error. The same contention could be made to all other errors claimed to have been committed on a trial de novo. There must be an end to

criminal proceedings, and the legislature has established the district court as the court of last resort in minor cases."

Certainly if the denial of trial by jury under those circumstances was a mere irregularity correctible only on appeal, then, a fortiori, the absence of the court reporter and the giving of unwritten instructions to the jury amounted at most to nothing more than the absence of a procedural right, which the defendant had in effect waived. This falls far short of that lack of jurisdiction which alone would entitle the petitioner to be discharged on habeas corpus.

Writ discharged.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.