### COMMONWEALTH vs. SAMUEL W. DALLINGER.

Suffolk. June 25. — September 1, 1875. COLT & DEVENS, JJ., absent.

An instrument, purporting to be signed by J. S., which is made payable to the order of J. S., is not a promissory note until indorsed, and an indictment for forgery which charges in separate counts the making and uttering of such a promissory note, without setting out an indorsement by J. S., cannot be sustained, it appearing in evidence at the trial that there was but one J. S.

An indictment charged that the defendant did falsely make, alter, forge and counterfeit a certain indorsement upon a certain false, forged and counterfeited promissory note for the payment of money, and set forth the note and indorsement, by which it appeared that the note was payable to the order of J. S., and purported to be signed and indorsed by J. S. *Held*, that the allegation that the defendant forged the indorsement upon a promissory note might be sustained, although the writing became a promissory note only by means of such indorsement.

INDICTMENT on the Gen. Sts. *c.* 162, §§ 1, 2, charging the defendant in the first count with falsely making, altering, forging and counterfeiting, with intent to injure and defraud, a certain promissory note for the payment of money, of the tenor following, that is to say : "$1000, Boston, May 29, 1874. Three months after date I promise to pay to the order of A. P. Morse, one thousand $\frac{00}{100}$ dollars, at any bank in Boston. Value received. A. P. Morse."

The second count charged the uttering and publishing as true, with knowledge that the same was false, forged, altered and counterfeit, and with intent to injure and defraud, of a promissory note of the same tenor, setting it forth.

The third count charged the false making, altering, forging and counterfeiting, with intent to injure and defraud, of "a certain indorsement upon a certain false, forged and counterfeited promissory note for the payment of money, which said note was of the

tenor following," (as above set forth,) " and which said indorse‹ ment was of the tenor following, that is to say, A. P. Morse."

Trial in the Superior Court before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The government, in support of all the counts in the indictment, offered in evidence a note like the one set forth in the indictment, except that the note so offered had written upon its back " A. P. Morse." One of the witnesses for the government, to whom the offered note was uttered, testified that the name on the back, A. P. Morse, was there at the time the note was uttered to him by the defendant. The defendant objected to the admission in evidence of the note, as not being the note set forth in the counts of the indictment; but the judge admitted the evidence.

At the close of the evidence of the government, the defendant asked the judge to rule that a verdict of not guilty be rendered by reason of a variance, because the note offered by the government and admitted in evidence was not the note, a copy of which purported to be set forth according to its tenor, in the indictment. The judge declined so to rule.

The defendant asked the judge to rule that a writing, such as set forth in the indictment, could not be the subject of forgery, unless the name of the maker and payee, they being one and the same person, be indorsed on the back; and unless indorsed, the paper was a nullity, not fixing any pecuniary liability upon any one. The judge declined so to rule, and ruled that the writing set forth in the indictment was properly described as a promissory note.

The evidence at the trial was that there was but one A. P. Morse, and he testified that the signature on the note was not his. It appeared that the note was in the hands of the district attorney at the time the grand jury found the bill, and the principal witnesses testified before that body. The defendant offered no evidence. The jury returned a verdict of guilty on all three counts, and the defendant alleged exceptions.

*C. J. Brooks*, for the defendant.

*W. G. Colburn*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

WELLS, J. · It appearing in evidence at the trial that there was but one A. P. Morse, it followed that the writing which pur-

ported to be signed by him, purported also to be payable to his own order. Such a writing would not constitute a contract, and therefore would not become a promissory note until indorsed by him. With this fact in the case, all the allegations of the first and second counts being sustained by proof, the offence of forgery, or uttering a forged promissory note, would not be made out.

The exceptions must therefore be sustained as to the first and second counts.

The third count is for forging the indorsement of the name of A. P. Morse, upon the same note. With that indorsement it purported to be a valid contract, and was, in form, a promissory note. Both the body of the note and the indorsement are set out in the indictment. The allegation that the defendant forged the indorsement upon a promissory note may well be sustained, although the writing became a promissory note only by means of such indorsement. The principal allegation may be taken to have reference to the character of the instrument when so indorsed. In setting forth the instrument and the indorsement, the designation of the face of the writing as the note may be taken to have been by way of distinction merely, and not as qualifying or limiting the sense of the previous allegation. As to this count the exceptions are *Overruled.*