[Crim. No. 628. Department One.—September 17, 1900.]

THE PEOPLE, Respondent, v. E. J. COLE, Appellant.

CRIMINAL LAW—FORGERY.—In order to constitute the crime of forgery it is essential that there should be the making of a writing which falsely purports to be the writing of another.

ID.—CHECK DRAWN BY DEFENDANT.—An information charging the defendant with uttering and attempting to pass a forged and counterfeited check, which shows upon its face that the instrument alleged to be forged was a check drawn and signed by the defendant himself, does not state a public offense; and the facts that such check purported to be indorsed by the person whose check was alleged to have been forged, and that the defendant had no funds in the bank on which it was drawn, are immaterial.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. E. C. Hart, Judge.

The facts are stated in the opinion.

Charles M. Beckwith, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

COOPER, C.—Defendant was convicted of the crime of forgery and sentenced to a term of eight years in the state prison at Folsom. He brings this appeal from the judgment and from an order denying his motion for a new trial. The charging part of the information was as follows, to wit:

"The said E. J. Cole, on the —— day of August, A. D. 1899, at the said county of Sacramento, in the said state of California, and before the filing of this information, did then and there willfully, unlawfully, and feloniously utter, publish, and attempt to pass to one Gus Lavenson a certain false, forged, and counterfeited check as the true and genuine check of one S. B. Smith, for the payment of ten dollars, which aforesaid false, forged, and counterfeited check is in the words and figures following, to wit·

" 'Sacramento, Cal., Aug. 31, 1899.

" 'National Bank of D. O. Mills & Co., pay to E. J. Cole, or order, Ten Dollars, $10.00.

" '(Signed)    E. J. COLE.'

"[Indorsed on back]: S. B. Smith.

"United States revenue stamp two cents on face marked, '8-31-99. E. J. C.'

"With the intent then and there to prejudice, damage, and defraud the said Gus Lavenson; he, the said E. J. Cole, then and there well knowing the said false, forged, and counterfeited check to be false, forged, and counterfeited."

The information charges the defendant with uttering and attempting to pass the check therein set forth. A demurrer was filed to the information upon the ground that it does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, and that the facts therein stated do not constitute a public offense. We think the demurrer should have been sustained. The gist of the offense attempted to be charged was the uttering and attempting to pass the check therein described, "well knowing the said false, forged, and counterfeited check to be false, forged, and counterfeited." But the information, while it states that the check was forged and counterfeited, shows upon its face that it was not. It is the check of defendant drawn on the National Bank of D. O. Mills & Co. It is signed by defendant. He had the right to draw and sign such check, and for all that appears from the information he had ample funds in the bank upon which the check was drawn to meet it. Whether he did or not, he had the right to draw the check in the manner and in the form it is drawn, and the bank may have been willing to pay it and charge it to his account. It certainly is not a forged and counterfeited check. If the defendant drew the check having no funds at the bank, and attempted to get money on it by falsely representing that he had funds in the bank to meet it, that might constitute an offense, but not the offense charged in this information. Again, it is charged in the information that defendant attempted to pass the check as the true and genuine check of one S. B. Smith. It is difficult to conceive how the check could be passed as the true and genuine check of S. B. Smith when it shows on its face that it is the check

of E. J. Cole. It would be like saying this horse is a black horse and at the same time showing a white horse. It is claimed that the indorsement of "S. B. Smith" was forged. If so the information should have so stated. It shows that the check was indorsed "S. B. Smith," and we must presume that S. B. Smith indorsed it as stated in the information. It is not even hinted that the indorsement was forged or made without the authority of Smith. The information must state the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. It must state the particular circumstances of the offense charged when they are necessary to constitute a complete offense. (Pen. Code, secs. 950, 952.) It was said by this court in the early case of *People v. Tomlinson*, 35 Cal. 506: "The purpose of the statute against forgeries is to protect society against the fabrication, falsification, and the uttering, publishing, and passing of forged instruments, which, if genuine, would establish or defeat some claim, impose some duty, or create some liability, or work some prejudice in law to another in his rights or person or property. Hence, without much conflict, if any, it has been held from the outset that the indictment must show that the instrument in question can be made available in law to work the intended fraud or injury."

It was said by this court, in speaking of the crime of forgery, in *People v. Bendit*, 111 Cal. 277[1]: "When the crime is charged to be the false making of a writing, there must be the making of a writing which falsely purports to be the writing of another. The falsity must be in the writing itself—in the manuscript. A false statement of fact in the body of the instrument, or a false assertion of authority to write another's name, or to sign his name as agent, by which a person is deceived and defrauded, is not forgery. There must be a design to pass as the genuine writing of another person that which is not the writing of such other person. The instrument must fraudulently purport to be what it is not."

In this case the instrument set forth in the information as the genuine check of S. B. Smith does not purport to be such

[1] 52 Am. St. Rep. 186.

check. In fact, it shows as plainly as the English language can speak that it is not. The information shows the check to bear the indorsement "S. B. Smith," but the indorsement is no part of the check. The contract of the indorser is a different and distinct contract from that of the maker. His liability is only conditional and dependent upon circumstances that may never transpire.

We advise that the judgment and order be reversed and the cause remanded, with directions to the lower court to sustain the demurrer to the information.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to the lower court to sustain the demurrer to the information.

Garoutte, J., Van Dyke, J., Harrison, J.