STATE v. JOHN I. MOORE.[1]

June 13, 1902.

Nos. 13,028—(22).

Forgery—Mortgage.

> The forging of a real-estate mortgage, with intent to defraud, constitutes the crime of forgery in the first degree, as defined in G. S. 1894, § 6690.

Indictment—Mortgage Note.

> It is not necessary to allege in an indictment for uttering as true a forged mortgage that the defendant had in his possession the note which the mortgage purported to secure, and that he passed it off with the mortgage.

Appeal by defendant from a judgment of the district court for Blue Earth county, and from an order, Quinn, J., denying a motion for a new trial. Order and judgment affirmed.

*H. L. & J. W. Schmitt* and *Harold Harris*, for appellant.

*W. B. Douglas*, Attorney General, *W. J. Donahower*, Assistant Attorney General, and *S. B. Wilson*, County Attorney, for the State.

START, C. J.

The defendant, in the district court of the county of Blue Earth, was on February 19, 1902, found guilty of the crime of forgery in the first degree. On the next day he was by the judgment of the court sentenced to be confined at hard labor in the state prison at Stillwater for the term of three years and three months. He appealed from an order denying his motion for a new trial and from the judgment.

[1] Reported in 90 N. W. 786.

The sufficiency of the indictment upon which he was convicted is the principal question presented by the record for review. The indictment charges that the defendant on July 30, 1900, at the city of Mankato, in the county of Blue Earth and state of Minnesota, having in his possession a false and forged mortgage, purporting to be the act of another, by which a right and interest in property purported to be transferred, conveyed, charged, or affected, did, with intent to defraud, knowing the same to be false and forged, feloniously utter, offer, and dispose of such mortgage to the National Citizens' Bank of Mankato. The forged mortgage was set out in full in the indictment. It purported upon its face to be a real-estate mortgage, containing the usual covenants of title and power of sale, made by Evan T. Evans, party of the first part, as mortgagor, and Luella Belyea, party of the second part, as mortgagee, upon the southwest ¼ of section 20 and the northeast ¼ of section 19, all in township 155, range 84, in the county of Ward and the state of North Dakota. It also contained, among others, the following provisions:

"Provided, nevertheless, that if the said party of the first part, his heirs, executors, or administrators, shall pay, or cause to be paid, to the said party of the second part, her heirs, executors, administrators, or assigns, the sum of four hundred dollars, according to the tenor and effect of one principal promissory note of even date herewith, for $400, and due July 5th, 1901. * * * And the said party of the first part further agrees that if the said note, principal or interest, or either of them, be not paid when due, * * * then and in that case the said party of the second part, her heirs, executors, administrators, and assigns, are hereby authorized and empowered to sell the hereby granted premises, and convey the same to the purchaser, agreeably to the statute in such case made and provided, and out of the moneys arising from such sale to retain the principal and interest which shall be then due on said note, and all taxes upon said lands."

The reasons here urged why the facts alleged in the indictment do not constitute a public offense are to the effect: That it does not allege the existence of a valid indebtedness or note which the mortgage could secure, or that the defendant had in his possession the note described in the mortgage, or that he uttered and put off as true a note of any kind with the mortgage. That the assign-

ment .of the mortgage without the note would have no legal efficacy, and could not defraud any one. Hence it follows that, to constitute the crime of forgery in this case, the defendant must have had in his possession the note and mortgage, knowing them both to be false, forged, and must have uttered the note and mortgage and put them both off as true.

It is true that a mortgage in this state is an incident of the debt secured thereby, and .that an assignment of the debt is an equitable assignment of the mortgage, and that a formal assignment of the mortgage without assigning the debt passes no title to the latter. It, however, by no means follows from this concession that the uttering of a forged mortgage, without uttering at the same time the note or other evidence of the indebtedness, whether true or forged, which the mortgage purports to secure, does not constitute forgery, as defined by our Penal Code.

"A person is guilty of forgery in the first degree who, with intent to defraud, forges   *   *   *   a deed or other instrument, being or purporting to be the act of another, by which any right or interest in property is or purports to be transferred, conveyed or in any way charged or affected." G. S. 1894, § 6690.

"A person who, knowing the same to be forged or altered and with intent to defraud, utters, offers, or disposes of, or puts off as true   *   *   *   a forged   *   *   *   deed   *   *   *   instrument or writing,   *   *   *   the false making   *   *   *   or altering of which is punishable as forgery, is guilty of forgery in the same degree as if he had forged the same." G. S. 1894, § 6702.   .

The uttering and publishing as true, and with the intent to defraud, of any forged instrument mentioned or included in section 6690, knowing it to be forged, constitutes the crime defined in section 6702, supra. State v. Willson, 28 Minn. 52, 9 N. W. 28.

The forgery of a real-estate mortgage with the intent to defraud, whether the note or other evidence be forged or not, constitutes the crime of forgery in the first degree; for it purports to create a lien on the land therein described, and to authorize its sale by the mortgagee in case of default. That is, it purports to charge or affect an interest in property. People v. Caton, 25 Mich. 388. It therefore follows that the uttering as true of a forged mortgage, with intent to defraud, knowing it to be false,

constitutes the crime of forgery in the first degree, for such instrument would apparently be of legal efficacy, whereby innocent purchasers might be defrauded. Whether such purchasers would in fact be defrauded or not would depend upon the circumstances under which the instrument was put off. Also the alleged intent of the party uttering the instrument to defraud might be proved by showing such circumstances,—for example, by showing that he was in possession of the mortgage and the note therein described, and, knowing both were forged, he uttered them as one act.

It would not be necessary to allege in the indictment the evidence whereby an intent to defraud was to be proven, for how the party was to be or was defrauded is not an ingredient of the crime. We hold that the indictment in this case is not insufficient because it does not allege that the defendant had in his possession the note described in the mortgage, and that he uttered or put off both the mortgage and the note.

A further objection is made to the indictment that it does not allege the existence of the real estate described in the mortgage, and that the purported mortgagor was the owner thereof. The objection is without merit, for the mortgage set forth in the indictment purports to create a lien upon the land therein definitely described, which has in fact a potential existence, and, further, the mortgagor covenants that he is the owner thereof. People v. Van Alstine, 57 Mich. 69, 23 N. W. 594.

It is also urged that the trial court erred in instructing the jury, in effect, that the president and cashier of the bank named in the indictment testified that the mortgage was bought for the bank. Such was the necessary inference from their testimony, which was undisputed.

The court did not err in giving the instruction. We find no prejudicial errors in the record.

Order and judgment affirmed.