[Crim. No. 61. First Appellate District.—June 27, 1906.]

## THE PEOPLE, Respondent, v. HERBERT T. THORNBURGH, Appellant.

CRIMINAL LAW—FORGERY—CHECK PAYABLE TO MAKER—INDORSEMENT—INSUFFICIENT INDICTMENT.—A check payable to the order of the maker can defraud no one, and is not the subject of forgery until it is indorsed in the name of the maker. And an indictment charging the forging and utterance of such a check, without charging the forgery of the indorsement thereof, is insufficient to support a conviction, and it is error not to sustain a demurrer thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Wm. S. Barnes, and H. H. McCloskey, for Appellant.

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—Defendant was convicted of the crime of forgery, and the case is before this court on his appeal from an order denying his motion for a new trial and from the judgment.

The point was made, both upon demurrer and upon motion in arrest of judgment, that the information does not charge a public offense, and this is now the principal point relied upon for a reversal of the judgment.

The information charges that defendant "did then and there willfully, unlawfully, feloniously and fraudulently, and with intent then and there to damage, prejudice and defraud one Ignatz Beck, make and forge a certain instrument in writing, check, draft, order and writing obligatory, in the words and figures following, to wit:

" 'San Francisco, April 15th, 1905.    No. ——

" ' 'The Crocker Woolworth National Bank of San Francisco.

" 'Pay to self or order $10.00 ten dollars.

" 'Clearing House No. 21.    C. A. Baxter.'    Endorsed 'C. A. Baxter.' "    And then follows a charge in apt language of uttering the same instrument to Beck.

It is urged that because the instrument set forth in the information appears upon its face to be payable to the maker thereof no one could be defrauded thereby; that the defendant is not charged with forging the indorsement of the name of the maker and payee on the back of the instrument, which makes the instrument in legal effect payable to bearer, but is charged with forging the face of the instrument only.    The check set forth in the information, without the indorsement, is not such an instrument as could be the means of defrauding anyone.    It purports to be an order signed by C. A. Baxter for the payment of money to C. A. Baxter.    If the order should be complied with and the money called for paid to Baxter, he certainly would not be defrauded; neither would the payor be defrauded, for by accepting payment, Baxter would at once be estopped from disputing the genuineness of the signature.    So, too, if Baxter indorsed the check, he

would be liable on the check as fully as though he signed it. "An order to pay money to one's self cannot be the subject of forgery until the maker indorses it." (*Commonwealth v. Dallinger,* 118 Mass. 439.)

This brings us to a consideration of the words following the check set forth in the information, to wit, "Endorsed 'C. A. Baxter.'" In the case of *People* v. *Cole,* 130 Cal. 13, [62 Pac. 274], the defendant, E. J. Cole, was charged with the forgery and utterance of a check which was set forth in the information as follows:

"Sacramento, Cal. Aug. 31, 1899.

"National Bank of D. O. Mills & Co.    Pay to E. J. Cole or order, Ten dollars ($10.00).    '(Signed) E. J. Cole.'    (Indorsed on back) S. B. Smith."

In discussing the question as to whether or not the information charged a public offense against Cole, the court, after determining that the instrument on its face (without the indorsement) was not a subject of forgery, said: "It is claimed that the indorsement of 'S. B. Smith' was forged. If so, the information should have so stated. It shows that the check was indorsed 'S. B. Smith,' and we must presume that S. B. Smith indorsed it as stated in the information. It is not even hinted that the indorsement was forged or made without the authority of Smith. . . . The information shows the check to bear the indorsement 'S. B. Smith,' but the indorsement is no part of the check. The contract of the indorser is a different and distinct contract from that of the maker. His liability is only conditional and dependent upon circumstances that may never transpire."

The cause was remanded with directions to the lower court to sustain the demurrer.

Applying the doctrine of the Cole case to the information now before us, we must hold that defendant is not charged with forging the indorsement, but on the contrary we must presume that the indorsement was in fact made by Baxter on the instrument set forth. If this were so, Baxter at once became liable on the instrument set forth as fully as though he had in fact drawn and signed it, and no one could be defrauded thereby.

It must be remembered that our statute makes it a crime to forge certain instruments with intent to defraud, and also

to forge an indorsement to certain instruments with such intent.    (Pen. Code, sec. 470.)

Where the prosecution relies upon the forgery of the indorsement to make out the crime, it is a very simple matter to expressly charge a forgery of the indorsement.

For the foregoing reasons, and upon the authority of *People* v. *Cole,* 130 Cal. 13, [62 Pac. 274], the judgment and order are reversed, with directions to the trial court to sustain the demurrer.

Cooper, J., and Harrison, P. J., concurred.