### 2399.    WILSON v. THE STATE.

1. While the forgery or fraudulent alteration of an instrument utterly incapable of being used for the purpose of defrauding may not be punishable under our statute against forgery, yet one who has altered a check or promissory note by changing the name of the payee and the amount is not exempt from prosecution because he executed the forgery or alteration so crudely that the person upon whom he attempted to pass it detected it at once.

2. It is not necessary that an instrument shall be negotiable, in order to be the subject-matter of forgery.

Indictment for forgery; from Floyd superior court—Judge Wright.    December 29, 1909.

Submitted March 8,—Decided April 6, 1910.

*M. B. Eubanks, W. B. Mebane,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

Powell, J.   The proof shows that the defendant took a pay check of the Southern Railway Company, which was originally payable to one Herrington, and which had been indorsed by him, and changed the name to "Oerrington," both in the body of the check and in the indorsement (which was in blank). He also changed the amount from $1.00 to $60.00. He attempted to pass it at a store in Rome, but the proprietor of the store, on account of the crudeness with which the forgery had been executed, immediately discovered it and caused the defendant to be arrested.

The plaintiff in error relies first upon the proposition that the forgery was so crude that the paper as forged could not have been used for fraudulent purposes; and in support of this proposition he relies on the fact that the person to whom the paper was tendered immediately discovered it.    We recognize that in some cases the forgery or alteration of a paper would not be punishable, under our statute, because of the fact that the paper so forged or altered was of such a nature as to be incapable of being used for any fraudulent purpose; but we think that this proposition rather refers to the substance of the paper than to the success of the forger in accomplishing his purpose in altering a paper which ordinarily is the subject-matter of forgery.    See *Billups* v. *State*, 88 *Ga.* 27 (13 S. E. 830); *Berrisford* v. *State*, 66 *Ga.* 53; *Travis* v. *State*, 83 *Ga.* 376 (9 S. E. 1063).

2.    The next .point he makes is that this pay check provides that it shall not be negotiable until countersigned by one of a number of named persons, none of whom had countersigned it. However, it was payable, and subject to assignment (though not of commercial negotiation), without this countersigning.    It is not necessary that an instrument be negotiable, in order to be the subject-matter of a forgery.                 *Judgment affirmed.*