[Crim. No. 581.  Second Appellate District.—February 8, 1918.]

THE PEOPLE, Respondent, v. JUAN ESCALERA, Appellant.

CRIMINAL LAW—FORGERY—VARIANCE—APPEAL.—In a prosecution for the forgery of a check, the contention that there was a variance between the charge made in the information and the proof, in that the defendant was not charged with making any indorsement on the check, when in fact the indorsement did appear on the check as exhibited, cannot be raised on appeal, where the testimony showing that defendant indorsed the name on the back of the check when he passed it came in without objection.

ID.—EVIDENCE OF SUBSEQUENT FORGERY—PURPOSE—INSTRUCTION.—In a prosecution for forgery, error cannot be predicated upon the failure of the court to instruct the jury as to the purpose for which evidence of a subsequent forgery was received, where no instruction was offered by the defendant covering the matter.

ID.—CONVICTION UPON SUSPICION—INSTRUCTION.—The refusal of the court to give an instruction that the defendant could not be convicted upon mere suspicion, was proper, where the jury was fully instructed that they must find beyond a reasonable doubt that the acts charged against the defendant were committed by him.

ID.—INJURY FROM FORGERY—INSTRUCTION.—An instruction that to constitute the crime of forgery it is not necessary that anyone should be actually defrauded, but that it is sufficient if the alleged forged check is of such a character that a person accepting it as true and genuine might suffer loss, is not objectionable.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

O. V. Willson, and Willson & Stensland, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, and R. B. Camarillo, for Respondent.

JAMES, J.—Appellant was convicted of the crime of forgery. He appeals from a judgment of imprisonment and from an order denying his motion for a new trial.

The charge made in the information was that the defendant, with intent to defraud certain persons, made and passed as true and genuine a check, which check was drawn upon a bank at Brawley, California, made in favor of one Carmel Relles, and purporting to have been signed by H. G. Baughman. The evidence showed that this check was brought by the defendant Escalera to the store of Shores Bros. at Brawley; that the defendant presented the check and asked that it be cashed, representing himself to be the payee named in the check; that the proprietors of the store cashed the same after the defendant had indorsed the name of the payee upon the back thereof; that some days later, when the check was returned by the bank, the defendant, who was seen passing the store, was called in and was told of the fact that the check had not been paid; that he thereupon told the storekeepers that he would take up the same and at that time delivered to them a part of the amount mentioned in the check. The storekeepers retained the check, and a few days later the defendant brought in the remainder

of the money, at which time he was placed under arrest by a constable. That the check was a forged instrument the evidence amply established, and the evidence also established beyond question that the defendant was not the payee named in the check. Defendant's name was as it appears herein, while Carmel Relles was a person who was known to the defendant. Not only was the proof sufficient to establish these things, but an express admission appears in the transcript of the testimony, covering the same matter, as made by counsel for the defendant in the following words: "Mr. Willson: We can perhaps shorten matters in this trial. We will admit the signature on the check cashed by Mr. Shore and handed to Mr. Baughman is a forgery of Mr. Baughman's name, and we admit the defendant went there and cashed the check and all testimony bearing upon that point is unnecessary in view of the fact we admit it."

One of appellant's principal contentions for error is that there was a variance between the charge made in the information and the proof in that the appellant was not charged with making any indorsement upon the back of the check, when in fact the indorsement did appear on the check as exhibited. He cites *People* v. *Thornburgh,* 4 Cal. App. 38, [87 Pac. 234], and *People* v. *Cole,* 130 Cal. 13, [62 Pac. 274]. In the Thornburgh case the check was one payable to the order of the maker, and in the Cole case the check was drawn by the defendant in his own name and made payable to himself. It was pointed out in these decisions that there could be no defrauding of any person by the making of checks so drawn, unless an indorsement on the back was added, and in the information there considered the forgery of an indorsement was not charged. This case presents entirely different facts. The check here was not made payable to the order of the maker, and it was an instrument capable of being used to defraud. The charge made by the information that the defendant made such a check would have been established by proof of such making alone, without showing an actual passing of the check. (Pen. Code, sec. 470.) The testimony introduced showing that the defendant indorsed the name of Carmel Relles upon the back of the check at the time he passed it came in without objection, and we think it is now too late for the defendant to complain of possible error committed in that regard. Specimens of the handwriting of the

appellant were introduced in evidence for the purpose of enabling the jurors to make a comparison of the writings before them. Among the latter was a check purporting to have been drawn to the order of one Bonefessio Escalera, and the proof showed that this check had been negotiated and passed by this defendant at another time at a different store. This latter check bore on the back the name of the payee, and it was offered and received in evidence under the rule which permits like acts of a defendant to be shown where particular intent is involved. (*People* v. *King,* 23 Cal. App. 259, [137 Pac. 1076].) The latter decision sustains the right of the prosecution to make such proof, whether it refers to a transaction subsequent to that charged or one prior thereto. Appellant's counsel complain that there was not sufficient evidence showing that the last-mentioned check had been forged. It was shown without dispute that the defendant, who was not the payee named in the check, presented the same and received payment of the amount either in cash or merchandise. There was also before the jury samples of the handwriting of defendant, so that the evidence was available upon which the jury might properly conclude that the defendant had forged the latter check. There was also the testimony of Bonefessio Escalera that he had not delivered such a check to the defendant, and the testimony of Baughman that the signature attached thereto was not his signature. It would, no doubt, have been better for the court in its instructions to have distinctly pointed out to the jury the purpose for which the evidence of the subsequent forgery was received, but no instruction was offered by the defendant covering that matter; hence no error can be predicated upon the failure of the court so to do. It is contended that the court erred in refusing to instruct the jury that it was not to consider the indorsement made upon the back of the check described in the information, but to disregard "any testimony at this trial given, either against the defendant or in favor of him, concerning any indorsement or any writing upon the back of the check. . . . " We do not think the defendant was entitled to have this instruction given in the form proposed. As before noted, without any objection the prosecution proved the entire transaction concerning the passing of the check, and we think that all of the acts of the defendant concerning that transaction were proper to be

proved and considered by the jury. Counsel expressly admitted that the check had been forged and that the defendant went to the store and cashed it, adding that "all testimony bearing upon that point is unnecessary in view of the fact we admit it." The refusal of the court to give an instruction that the defendant could not be convicted upon mere suspicion, was proper, for the court had fully instructed the jury that they must find beyond a reasonable doubt that the acts charged against the defendant were committed by him. The instruction that to constitute the crime of forgery it is not necessary that anyone should be actually defrauded, but that it is enough if the alleged forged check is of such a character that a person accepting it as true and genuine might suffer loss, was not objectionable. (*People* v. *Kuhn,* 33 Cal. App. 319, [165 Pac. 26].) As we have before indicated, we think that the charge given by the court might well have contained a more complete exposition of the law affecting the purposes for which the different classes of evidence might be considered; but it cannot be said from an examination of the entire record that a miscarriage of justice has resulted by the conviction of the appellant.

The judgment and order are therefore affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.