[Crim. No. 1213. Second Appellate District, Division One.—August 3, 1925.]

## THE PEOPLE, Respondent, v. WILLIAM FRANCIS RYAN, Appellant.

[1] CRIMINAL LAW—USE OF ASSUMED NAME—DRAWING OF CHECK—INTENT.—A person may adopt a different name from that by which he has been known, and may transact business in that name; and if this is done in good faith and not for the purpose of defrauding in the transaction, the use of such assumed name, even in the drawing of a check, would not be criminal.

[2] ID.—FORGERY OF FICTITIOUS NAME—CONSUMMATION OF FRAUDULENT TRANSACTION—INTENT.—The decisions which hold that it is the essence of forgery that one signs the name of another to pass it off as the genuine signature of that other, and that a check payable to the order of the maker can defraud no one, and is not the subject of forgery until it is indorsed by the maker, are not applicable to the crime of forgery of a fictitious name as defined by section 470 of the Penal Code, as amended in 1905, in a case where it appears that the assumed and fictitious name was adopted by the criminal for the specific purpose of using it in the consummation of a fraudulent transaction.

[3] ID.—JOINT UTTERANCE OF FORGED CHECKS—SEPARATE CRIMES—PLEADING.—Notwithstanding the defendant, under a certain assumed name, deposited with a designated bank at one time three forged checks, he was properly found guilty of three crimes and not one, where the indictment was in three counts, and the utterance, or passing, of a check was charged in only one of the three counts, whereas the other two counts were predicated upon the forgery of the other two checks, but said defendant may not be found guilty of more than one crime, where the several counts are predicated solely upon the utterance, or passing, of said checks, all at one and the same time.

[4] ID.—DUPLICATED COUNTS—ERRONEOUS CONVICTION—APPEAL—MODIFICATION OF JUDGMENT.—Where a defendant is convicted on a

---

1. Use of fictitious name as affecting validity of instrument, note, 39 L. R. A. 423. Right of individual to transact business under assumed name, note, L. R. A. 1915D, 982. See, also, 19 Cal. Jur. 523; 19 R. C. L. 1333.

2. Forgery by use of fictitious name, note, 9 A. L. R. 407. See, also, 12 Cal. Jur. 654.

3. See 12 Cal. Jur. 668.

large number of counts of an indictment, and the crimes involved in the action do not include any instance of inequality in the duration of the punishment provided by law, and there can be no doubt of the defendant's guilt in point of fact, but the record on appeal shows that in several instances the defendant was erroneously charged and found guilty, under separate counts, of several offenses based upon a single transaction, whereas only one offense was committed, and the superior court pronounces a separate sentence on each count under which the defendant was convicted, and provides that the sentences run consecutively, the defendant cannot be substantially interested in the selection of the judgment which shall stand if the remaining sentence or sentences for the same offense are set aside, and, therefore, the appellate court will modify the judgment by striking therefrom the sentence imposed and based upon conviction under the duplicate counts and not direct a reversal.

(1) 26 **C. J.**, p. 899, n. 47. (2) 26 **C. J.**, p. 899, n. 47. (3) 16 **C. J.**, p. 1280, n. 17, p. 1281, n. 29. (4) 17 **C. J.**, p. 366, n. 60.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Wallace W. Davis and Halverson & Price for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney and John L. Flynn, Deputies Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted on twenty-six counts of an indictment, of which nine counts charged the commission of forgery and seventeen charged the commission of the crime of forgery of a fictitious name. There was no demurrer to the complaint, and the points on appeal relate to the case as made by the evidence.

Appellant's first point is that the checks described in counts V, XI, XVI, XXIII, XXVII and XXXII were not forgeries or forgeries of a fictitious name within the meaning of the statute. Count V may be taken as representing this group. The defendant was accused therein of the crime of

"forgery of a fictitious name, a felony." The document
containing the alleged forgery reads as follows:

"Los Angeles Branch 16–66
Bank of Italy
Savings Commercial Trust
"Los Angeles, Cal., 3/22 1823

"Pay to the order of cash ....................$2,781.00
"Twenty seven eighty one no/...................Dollars.
"M. P. LAYTON."

It was alleged, among other things, that the said check
"was then and there false and fictitious to the then knowl-
edge of the said William Francis Ryan, and there was not
then and there or at all any such person or individual as
M. P. Layton, and the said William Francis Ryan then and
there well knowing that he had no authority so to sign the
name of said fictitious person to and upon said check."

Appellant claims that because the check was payable to
the order of cash and was his own personal check, as the
bank well knew, although signed in the assumed name, such
assumed name represented a real person and cannot be held
to be fictitious. [1] The argument is grounded upon the
proposition, to which we agree, that a person may adopt a
name different from that by which he has been known, and
may transact business in that name. If this be done in good
faith and not for the purpose of defrauding in the transac-
tion, the use of such assumed name, even in the drawing of a
check, would not be criminal. The use of such a name in that
manner would not be the use of a fictitious name within the
meaning of the statute. The persons guilty of forgery as
described in section 470 of the Penal Code include one who,
"with intent to defraud, signs the name of another person,
or of a fictitious person, knowing that he has no authority
so to do, to . . . any . . . check . . . " Section 476 of the
Penal Code imposes punishment in the state prison upon one
who "makes, passes, utters, or publishes, with intention to
defraud any other person, . . . any fictitious bill, note or
check, purporting to be the bill, note, or check, or other in-
strument in writing for the payment of money or property
of some bank, corporation, copartnership, or individual,
when, in fact, there is no such bank, corporation, copartner-
ship, or individual in existence, knowing the bill, note, check,
or instrument in writing to be fictitious."

The method of procedure of the defendant is illustrated by the transactions relating to the fifth count. Having been first introduced to the Bank of Italy under the assumed name of M. P. Layton, he deposited two forged checks payable to the order of M. P. Layton, the total of these two checks amounting to $16,610. Thereafter he drew against that account by his check as M. P. Layton, payable "to the order of cash," in the sum of $2,781. Admittedly the evidence was sufficient to establish the fact that there was no M. P. Layton. In substance the contention amounts to nothing more than that, although, according to the evidence, defendant was guilty of obtaining money under false pretenses, yet that he was not technically guilty of the crime of forgery or forgery of a fictitious name.

[2] Special reliance is placed by appellant upon decisions which hold that "it is the essence of forgery that one signs the name of another to pass it off as the genuine signature of that other" (*People* v. *Bendit,* 111 Cal. 274, 278 [52 Am. St. Rep. 186, 31 L. R. A. 831, 43 Pac. 901]); and that a check payable to the order of the maker can defraud no one, and is not the subject of forgery until it is indorsed by the maker. (*People* v. *Thornburgh,* 4 Cal. App. 38 [87 Pac. 234].) We think that these decisions are not applicable to the crime of forgery of a fictitious name as defined by section 470 of the Penal Code, as amended in 1905 [Stats. 1905, p. 673], in a case where, as here, it appears that the assumed and fictitious name was adopted by the criminal for the specific purpose of using it in the consummation of the fraudulent transaction. In an elaborate note on this subject found in 9 A. L. R. 407 et seq., at page 411, it is said: "But while one may sign a fictitious name which he has adopted for innocent purposes without being guilty of forgery, and while an assumption of a name generally for purposes of fraud is not sufficient to convict of forgery unless in the particular case fraud is shown in using the name, yet, if such fraud is shown, the fact that the name had been previously assumed by the one signing it, and used for purposes of fraud generally, with no reference to the particular fraud, will not prevent the signature being a forgery; one cannot acquire a right to use a name not his own for fraudulent purposes, by using it any number of times previously for such purposes. *Commonwealth* v. *Costello,* (1876) 120 Mass. 358."

[3] The second point urged by appellant is that he has been erroneously convicted on several counts and separately sentenced thereon, when in fact there was in relation to those counts not more than one criminal offense committed. This argument covers several groups of transactions. They may be illustrated by counts VI, VIII and X, under which it was shown that on or about the nineteenth day of June, 1923, under the assumed name of O. V. Snell, the defendant deposited with the First National Bank of Los Angeles three forged checks, payable to the order of O. V. Snell, one for $3,960, one for $14,880 and one for $16,570. Of these three checks the first purported to be signed by C. M. Olsen, the second by A. H. Gregg, and the third by J. M. Auckland. The evidence shows that in opening an account with the bank the defendant presented all of these checks at the same time. Appellant argues that on these facts the depositing of this group of checks constituted a single utterance, and that thereby, if he was guilty of any crime, he committed one crime and not three.

Count VI charges that the defendant, with intent to cheat and defraud, etc., did wilfully, etc., make, utter, publish and pass one of said checks. Count VIII charges that the defendant, with like intent, did wilfully, etc., make, forge, alter and counterfeit another of said checks. Count X charges that the defendant, with like intent, did wilfully, etc., make, forge, alter and counterfeit the third of said checks. It will be noted that the uttering and passing of the check is charged in the sixth count only. In *People v. Frank*, 28 Cal. 507, it appeared that the indictment included in one count both the charge that the defendant feloniously made, forged and counterfeited a described draft, and that, the same having on its face been first accepted and indorsed, as stated in the indictment, and having said forged indorsement thereon, he did feloniously utter, publish and pass said instrument and said forged indorsement. The supreme court held that the indictment was good whether it be regarded as containing two counts or one; that each of the stated acts singly or altogether, if committed with reference to the same instrument, constituted but one offense. But the state claimed that the case was different from those usually presented in which the several charges relate to the same instrument, because the draft in question appeared to

74 Cal. App.—9

have been accepted and indorsed between the time of alleged forgery and the time of alleged uttering of the instrument, and that it thereby became a different instrument, so that there were two offenses instead of one. The court held, however, that the mere adding of other parties did not destroy the identity of the instrument nor the unity of the transactions, and that the act of forging and the act of uttering were therefore both committed with reference to the same instrument; that so long as the various acts mentioned in the statute were committed with reference to the same instrument, they must be regarded as constituting one continuous transaction. *People* v. *Frank, supra,* is the only California decision cited by appellant. In view of the fact that in the case of the three counts now under consideration there were three separate instruments involved, it becomes clear that the Frank case is not applicable here.

Appellant further refers to decisions which hold that the passing or utterance of several forged instruments at the same time constitutes but one offense. We are satisfied that the greater weight of authority is definitely in favor of this proposition. (*State* v. *Egglesht,* 41 Iowa, 574 [20 Am. Rep. 612]; *State* v. *Moore,* 86 Minn. 422 [90 N. W. 786, 61 L. R. A. 819, and note].) But, on the other hand, it seems to have been held, with good reason, that the mere false making and forging of two separate instruments, although done at the same time, are separate and distinct offenses. This was the implication in the opinion of the supreme court of California in *People* v. *Frank, supra,* to which we have referred. In *State* v. *Moore, supra,* the court said: "It is true that the forging of a note, and a mortgage purporting to secure its payment, are separate offenses"; although the court also held that the indivisible single act of uttering two such instruments constitutes a single crime and not two crimes. In the note, at 61 L. R. A., page 822, the proposition is stated, followed by reference to a number of decisions, that the forgery of several instruments at the same time is regarded generally as the commission of a separate offense for each instrument. Evidently this statement referred to the direct act of forgery considered apart from the utterance of the instrument.

Accepting the foregoing as a correct statement of the law, and remembering that utterance, or passing, of a check was

charged in only one of the three counts, we conclude that appellant was correctly convicted and sentenced separately for the three offenses covered by counts VI, VIII and X. The same is true of the group included in counts XX, XXI and XXII, wherein count XX alone charges utterance of the forged paper. The case is different with respect to the other four groups. In the group composed of counts XII, XIII and XV, utterance of a check is charged in counts XII and XIII, but not in count XV. In the group composed of counts XVII, XVIII and XIX, utterance is charged in counts XVII and XVIII, but not in count XIX. In the group composed of counts XXIV, XXV, XXVI utterance is charged in counts XXIV and XXV and omitted from count XXVI. In the group composed of counts XXVIII, XXIX, XXX and and XXXI utterance is charged in counts XXVIII, XXIX and XXX and omitted from count XXXI.

It thus appears that under counts XII and XIII appellant has been made to suffer two sentences to be served consecutively for a single crime. Under counts XVII and XVIII there are two like sentences for a single crime. Under counts XXIV and XXV there are two like sentences for a single crime, and under counts XXVIII, XXIX and XXX there are three like sentences for a single crime.

[4] There being no doubt of the defendant's guilt in point of fact, a reversal of these particular judgments should not open the case for a new trial, unless some rule of procedure compels that result. The crimes involved in this action do not include any instance of inequality in the duration of the punishment provided by law. There can be no miscarriage of justice if the sentences are reduced in number in such manner that there remains only one sentence for one crime. The Penal Code, section 1260, provides that the court may reverse, affirm or modify the judgment "and may, if proper, order a new trial." In view of the equality of penalties as between the different offenses, the defendant cannot be substantially interested in the selection of the judgment which shall stand if the remaining sentence or sentences for the same offense are set aside. The superior court might have made that selection, and the defendant would not have been prejudiced thereby. (*Love-*

*joy* v. *State,* 40 Tex. Crim. Rep. 89 [48 S. W. 521].) See note of that and other cases in 16 L. R. A. (N. S.) 561 et seq.

The court below pronounced a separate sentence on each count under which the defendant was convicted, and provided that the sentences run consecutively. Appellant has treated these separate sentences as constituting, which they do, in substance a single judgment, and has appealed "from the final judgment of conviction" in the action. It is ordered that the judgment be and the same hereby is modified as follows: By striking from said judgment the sentence imposed and based upon conviction under counts XIII, XVIII, XXV, XXIX and XXX of the indictment. In all other respects and with reference to all other portions of said sentences and judgment, the same are hereby affirmed.

Curtis, J., concurred.