## EX PARTE SOLWAY.

(No. 6,298.)

(Submitted March 5, 1928. Decided March 15, 1928.)

[265 Pac. 21.]

*Criminal Law—Forgery—Habeas Corpus—Defective Information—When Writ not Available.*

Habeas Corpus—Criminal Law—Writ Lies When—Nature of Writ.
    1. Habeas corpus lies only, at the instance of one convicted of crime, when the judgment attacked is absolutely void because the court was without jurisdiction to render it; the writ is not supervisory in character and does not perform the function of an appeal, nor is it available as a substitute for a demurrer to the information.

Same.
    2. In view of the function of the writ of habeas corpus (see par. 1 above) an information may be sufficient to support a conviction for crime thus collaterally attacked, even though it would have been held insufficient on demurrer, motion in arrest of judgment or on appeal.

Same—Complainant Convicted of Crime—Jurisdiction—Alleged Insufficiency of Information—Presumption.
    3. In determining on writ of habeas corpus whether the trial court had jurisdiction of the person of defendant charged with crime and of the subject matter, the information may be examined for the purpose of ascertaining whether upon any admissible theory it states a public offense, and in doing so the court will resolve every intendment in favor of its sufficiency.

Forgery—Essential Elements of Crime.
    4. To constitute the crime of forgery there must have been a false writing, the intent to defraud, and it must appear that the

---

    1. See 13 Cal. Jur. 217; 12 R. C. L. 1179, 1185.
    3. Habeas corpus to test indictment or information, see note in L. R. A. 1918B, 1156. See, also, 13 Cal. Jur. 232; 12 R. C. L. 1202.
    4. What is forgery, see note in 22 Am. Dec. 306. See, also, 12 Cal. Jur. 648; 12 R. C. L. 141, 142.

[82 Mont. 89.]

instrument, if genuine, would have validity, i. e., if genuine, it would expose a particular person to legal process, apparent legal efficiency being sufficient.

Same—Checks—Indorsement Immaterial.

5. Since the acts constituting forgery as stated in section 11355, Revised Codes 1921, are in the disjunctive, any one of the acts named, if done with the intent to defraud another, constitutes the crime; hence where one forges a check, with such intent, he is guilty of forgery even though he makes no attempt to publish, utter or pass it; and indorsement on a check being no part of the instrument, it is immaterial that a forged check was not indorsed.

Same—Information—Surplusage—Presumption in Favor of Sufficiency of Pleading on Habeas Corpus.

5a. Under the rule that on habeas corpus every intendment will be presumed in favor of the sufficiency of an information attacked, the court may presume that when the pleader in charging forgery alleged that the instrument had been signed by the person whose name it bore, he intended to insert the words "purported to be signed" before such allegation, or treat such allegation as surplusage, where the information contained the prior statement that defendant had forged the name of such person.

Same—Checks—Negotiability Immaterial.

6. To constitute forgery of a check it is not necessary that the instrument forged be negotiable, and the offense is complete although the person intended to be defrauded could not have been imposed upon by it.

Habeas Corpus—Defective but not Entirely Insufficient Information—Writ not Available.

7. *Held*, on application for writ of habeas corpus, that while an information charging forgery of a check was defective in not alleging that it was forged with the intent of defrauding any particular person, a defect, however which could have been cured by amendment had a demurrer been interposed, it did not entirely fail to charge a public offense (see pars. 2, 3, above) and that the trial court had jurisdiction to pronounce judgment against defendant upon his plea of guilty, and hence that the writ is not available to secure complainant's release.

[1] Habeas Corpus, 29 C. J., sec. 19, p. 25, n. 4; sec. 20, p. 30, n. 16.
[2] Habeas Corpus, 29 C. J., sec. 34, p. 42, n. 33.
[3] Habeas Corpus, 29 C. J., sec. 20, p. 31, n. 17.
[4] Forgery, 26 C. J., sec. 4, p. 897, n. 17, 18, 19.
[5] Forgery, 26 C. J., sec. 22, p. 907, n. 48; sec. 34, p. 914, n. 2.
[6] Forgery, 26 C. J., sec. 20, p. 906, n. 41; sec. 34, p. 914, n. 95.

Original application for a Writ of Habeas Corpus by Thomas Davis on behalf of George Solway, a prisoner, directed to the warden of the prison. Writ quashed and prisoner remanded to custody.

5. See 12 Cal. Jur. 649.
7. See 12 R. C. L. 155.

*Mr. Franklin D. Tanner*, for Complainant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot*, Attorney General, and *Mr. I. W. Choate*, Assistant Attorney General, for the State, submitted a brief; *Mr. Choate* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The question of the legality of the confinement of George Solway in the state prison at Deer Lodge is submitted for our determination on writ of habeas corpus issued out of this court, directed to the warden of the prison, and his motion to quash the writ.

The application for the writ shows that Solway was informed against on January 6, 1927, for "forgery" alleged in the information to have been committed as follows:

"That at the county of Big Horn, state of Montana, on or about the twenty-ninth day of December, A. D. 1926, * * * the said defendant did * * * wilfully, wrongfully, unlawfully, falsely, and feloniously, and with the intent to defraud, forge the name of L. H. Hamilton to a certain check, * * * signed L. H. Hamilton as maker and payable to George Solway, and did publish, utter and pass said check and did obtain on said forged check moneys and credit from one Sam Poullous. * * *"

It is further shown that Solway entered a plea of guilty and thereon was sentenced to a term of not less than one nor more than two years in the state prison, but the sentence was suspended and the defendant paroled in charge of the state board of prison commissioners, effective March 12, 1927, and that in January, 1928, on complaint made and on a hearing had, the parole was revoked and Solway committed to the state prison.

Petitioner asserts that Solway is illegally restrained of his liberty, as the information does not state facts sufficient to charge the crime of forgery or any public offense, and there-

fore the judgment rendered thereon is void. He points out three particulars in which he contends the information is fatally defective: (1) That there is no allegation therein that the check was indorsed by Solway, and without the indorsement it could not have been passed as alleged; (2) that it is alleged that the check was "signed by L. H. Hamilton as maker," and was therefore not a forged check, although it also bore a forged signature; and (3) that it is alleged that the check was "payable to George Solway" and not the order of George Solway, and was therefore not negotiable and could not be used for the purpose of defrauding Poullos.

In support of his contention, counsel for Solway cites a number of cases in which informations or indictments were held insufficient on demurrer or on appeal; but these decisions are not controlling here, for the following reasons:

1. Proceedings on writ of habeas corpus are authorized for [1] the purpose of testing the validity of commitments, in cases such as this, and are collateral attacks upon the judgments upon which the commitments are issued; they lie, therefore, only when the judgment attacked is absolutely void for the reason that the court rendering it was without jurisdiction to do so. (*In re Lockhart,* 72 Mont. 136, 232 Pac. 183; *State ex rel. Boone* v. *Tullock,* 72 Mont. 482, 234 Pac. 277; 29 C. J. 30.) The writ is not supervisory in character and does not perform the function of an appeal (*In re Lockhart* above; 29 C. J. 25), nor is it available as a substitute for a demurrer to the information (*Ex parte Stacey,* 45 Or. 85, 75 Pac. 1060; *Ex parte Prince,* 27 Fla. 196, 26 Am. St. Rep. 67, 9 South. 659).

2. An information may therefore be sufficient to support [2] a judgment collaterally attacked in such a proceeding as this, even though it would have been held insufficient on demurrer, motion in arrest of judgment or on appeal. (*Ex parte Bunkers,* 1 Cal. App. 61, 81 Pac. 748; *In re Myrtle,* 2 Cal. App. 383, 84 Pac. 335; *Ex parte Avdalas,* 10 Cal. App. 507, 102 Pac. 674.) In *Ex parte Kowalsky,* 73 Cal. 120, 14 Pac. 399, it is said that "if enough appears in such defective indict-

[82 Mont. 89.]

ment to show that an offense has been committed, of which the court has jurisdiction, the party charged cannot be discharged under a writ of habeas corpus.''

3. However, in order for a judgment to be proof against an [3] attack by habeas corpus, the court which rendered it must have had jurisdiction of the person of the defendant and of the subject matter, and, in addition thereto, must have had jurisdiction to render the particular judgment which it did pronounce, and the absence of either of these factors renders the judgment subject to collateral attack (*In re Mettler*, 50 Mont. 299, 146 Pac. 747) ; therefore, in such a proceeding as this, the information may be examined for the purpose of determining whether, upon any admissible theory, it states a public offense (*In re Farrell*, 36 Mont. 254, 92 Pac. 785) ; in doing so the court will resolve every intendment in favor of sufficiency and will not discharge the prisoner if the information does not fail entirely to charge a public offense (*In re Lockhart*, above).

It is apparent from the record that the court had jurisdiction of the person of the prisoner and of the subject matter of the charge, and the sole remaining question for determination is as to whether the information states the crime of forgery with sufficient particularity, under the above rules, to vest the trial court with jurisdiction to pronounce sentence upon the accused.

4. Section 11355, Revised Codes of 1921, declares that: ''Every person who, with intent to defraud another, falsely [4–5a] makes, alters, forges, or counterfeits * * * any check * * * or utters, publishes, or passes or attempts to pass as true and genuine any of the above-named false, altered, forged, or counterfeited matters * * * with intent to * * * damage, or defraud, any person, * * * is guilty of forgery.''

To the two statutory elements of forgery connected with the making of such an instrument, viz., a false writing and the intent to defraud, has been added by judicial construction a third necessary element, to-wit, that the instrument, if genuine,

would have validity (*In re Farrell,* above; *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 28 L. R. A. 127, 39 Pac. 850); or, as stated in 2 Wharton on Criminal Law, eleventh edition, 1109, the forged instrument must be of such a nature that, if genuine, it would expose a particular person to legal process, apparent legal efficiency for this purpose being sufficient. This addition is in conformity with the rules announced generally by the authorities. (2 Bishop's Criminal Law, 533; 26 C. J. 897.)

5: In support of his contention that the information does not charge forgery in the absence of an allegation that the check was indorsed, counsel for Solway cites the cases of *People* v. *Cole,* 130 Cal. 13, 62 Pac. 274, and *People* v. *Thornburgh,* 4 Cal. App. 38, 87 Pac. 234, but in each of those cases the check in question was made by the defendant to himself and the forgery, if forgery was committed, consisted in indorsing thereon the name of another; the allegation of such indorsement being omitted, of course, no forgery was charged. Here the attempted charge is the making of a check by Solway as from another and the forging of the name of that other thereto.

6. The essence of the crime of forgery is the fraudulent intent with which the instrument is made or forged, or is uttered, published or passed (12 R. C. L. 142), and, as the acts declared to constitute the offense are stated in the statute in the alternative or disjunctive, any one of those acts, committed with the intent to defraud another, constitutes the crime charged; therefore, anyone who does "forge" a check with the fraudulent intent specified is guilty of forgery even though he has made no attempt to publish, utter or pass it (see note to *Arnold* v. *Cost,* 22 Am. Dec. 314 [3 Gill & J. 219]), if, as genuine, the check would have been valid.

7. Here the charge is that the defendant did "forge" the check in question by forging the name of L. H. Hamilton thereto. "To forge," says Coke (3 Inst. 169) "is, metaphorically, taken from the smith who beateth upon the anvil and forgeth what fashion or shape he will." (*State* v. *Young,* 46

[82 Mont. 89.]

N. H. 266, 88 Am. Dec. 212.) Thus the act of forging refers only to the writing of the instrument and has nothing to do with its use after it is forged. The indorsement on a check is no part of the instrument (*People* v. *Cole,* above), and the allegations found in the information as to publishing, uttering and passing the check, and thereby defrauding Poullos, are but allegations of evidence which, if proved, might warrant a jury in finding that the defendant had the intent to defraud at the time he forged the check.

8. The foregoing being the true aspect of the crime here charged, it is apparent that, if the check was falsely made, with the intent to defraud, and, if genuine, would be valid, it is immaterial that it was not available for the purpose intended by reason of the fact that it had not been indorsed. (*Norton* v. *State,* 129 Wis. 659, 116 Am. St. Rep. 979, 109 N. W. 531; *Commonwealth* v. *Costello,* 120 Mass. 358; *Santolini* v. *State,* 6 Wyo. 110, 71 Am. St. Rep. 906, 42 Pac. 746; *United States* v. *Turner,* 7 Pet. 132, 8 L. Ed. 833; *Maloney* v. *State,* 91 Ark. 485, 134 Am. St. Rep. 83, 18 Ann. Cas. 480, 121 S. W. 728.)

9. As to the contention that, from the wording of the information, we must conclude that the check referred to therein bore the genuine signature of Hamilton as well as a forgery of that signature, it is apparent that the pleader intended to allege merely that the check bore the name of Hamilton placed thereon by the defendant, and, under the rule that every intendment will be presumed in favor of sufficiency, we may presume that the pleader intended to insert the words "purported to be," before the sentence, "signed by L. H. Hamilton," or we may treat the latter as mere surplusage, as the pleader had already alleged that defendant forged the name of Hamilton to the check.

10. The third contention is that no forgery is charged, for [6] the reason that the check, as set out in the information, was not negotiable and therefore could not have been passed to Poullos as alleged.

While negotiability exists only in connection with the use of the word "order" or "bearer" (Daniels on Negotiable Instruments, 6th ed., 1764), in order to constitute forgery it is not necessary that the instrument forged be negotiable (*Wilson* v. *State*, 7 Ga. App. 583, 67 S. E. 705; *Rose* v. *State*, 80 Ark. 222, 96 S. W. 996), but only that, if genuine, it would expose some person to legal process as heretofore stated.

11. The offense was committed by the forging of the instrument with fraudulent intent, without uttering or passing it (2 Wharton on Criminal Law, 1109), and it is also complete although the person intended to be defrauded could not have been imposed upon by it (*Williams* v. *State*, 61 Ala. 33; *People* v. *Campbell*, 160 Mich. 108, 136 Am. St. Rep. 417, 34 L. R. A. (n. s.) 58, 125 N. W. 42). See note, 22 Am. Dec. 314.)

Counsel, however, contends that the non-negotiable check [7] could not have been used to defraud Poullos, as it could not be passed to him even if indorsed. It will be noted that it is not alleged in the information that the check was forged with the intent to defraud Poullos; all that is alleged is that it was passed to him, which allegation may, under what is hereinbefore said, be treated as surplusage. The check would, however, if genuine, be valid, and is an instrument on which, if valid, an action would lie, and it could therefore have been used for the purpose of defrauding either Hamilton, whose name was forged thereto, or the bank on which it was drawn, by the indorsement thereof subsequent to the time when the crime here charged was complete; thus it could have been forged with the intent to defraud either of these parties, and, had the information properly alleged the making of the forged check payable to Solway, with the intent to defraud Hamilton or the bank, alleging that intent with reference to the one or the other, it would have sufficiently charged the crime of forgery.

As the information does not allege that the check was forged with the intent to defraud any particular person, undoubtedly it would have been held bad on demurrer, but had such

[82 Mont. 89.]

demurrer been interposed the court would have had jurisdiction to hear the demurrer and to order the information amended; in this situation, under the authorities generally and particularly the California decisions in paragraph 2 above, the information is sufficient to withstand the collateral attack made upon it in this proceeding.

Considering, then, only the allegations of the information that the defendant did forge the name of L. H. Hamilton to a check with the intent to defraud, we are of the opinion that, while the information is glaringly defective, it does not entirely fail to charge a public offense, and therefore hold that the trial court had jurisdiction to pronounce the judgment here attacked; so holding, we must further hold that the restraint of the prisoner is not illegal.

For the reasons stated, the motion to quash is sustained, the writ discharged, and the prisoner is remanded to the custody of the warden of the state prison.

*Writ quashed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.