[Crim. No. 1636. First Appellate District, Division Two.—November 12, 1931.]

THE PEOPLE, Respondent, v. ZENER ELMOTT, Appellant.

Stanford G. Smith for Appellant.

U. S. Webb, Attorney-General, W. R. Augustine, Deputy Attorney-General, and Seibert Sefton for Respondent.

NOURSE, P. J.—Defendant was tried before a jury upon an information charging forgery in the making and passing of a written instrument. Upon her conviction she appealed from the judgment and from an order denying her motion for a new trial.

The instrument was a check for $10 drawn upon the Watsonville branch of the Bank of Italy, made payable to Jessie Thomas, and signed ''R. C. Duncan''. The defendant presented the check to the proprietress of a hotel in Watsonville and it was accepted in payment of room rent after the defendant had forged the indorsement of Jessie Thomas in her presence. The prosecution was based on the theory that R. C. Duncan was a fictitious person. Proof was made that no one by that name resided in Santa Cruz County and that there was no account in the Watsonville bank in that name. The defendant took the stand and admitted writing the face of the check, but denied writing the indorsement. As to the latter she was directly contradicted by the party to whom the check was passed. The defendant gave a weird story of having been authorized to draw checks in an unlimited amount by her husband who, she said, was named R. C. A. Duncan. This authority she claimed to have been given some three or four years prior to the transaction charged in the information when she was living with her husband in San Jose. Thereafter she was committed to the state penitentiary upon a conviction of issuing fictitious checks. ·She served fourteen and a half months, was released on parole, and voluntarily returned to the penitentiary in order to receive hospital treatment. She had met her husband but once during the past three years, had not corresponded with him, but believed that he was somewhere in Los Angeles. She admitted that he had not authorized her to draw on the Watsonville bank, that she knew he had no account in that bank, that he had never resided in nor been engaged in business in Santa Cruz County. She testified that her husband's business was ''auto accessories and real estate''. She then offered in evidence page 83 of the Santa Cruz County directory upon which the name ''Robt. Duncan'' appeared as residing in the city of Santa Cruz. The occupation of this Robt. Duncan was given as a restaurant worker. From this evidence she argues that the check might have been drawn by this Robt. Duncan.

On the issue of the sufficiency of the evidence to sustain the verdict little need be said. The state proved every essential element of the crime charged. The appellant admitted the execution and passing of the check and that she obtained credit thereby. She claimed that she had signed the name "R. C. Duncan" under express authority and also claimed that the check might have been written by "Robt. Duncan", a person to her unknown.

The appellant assigns error in the admission of evidence showing that she indorsed the check in the name of Jessie Thomas. The point is that forgery in the indorsement was not pleaded in the information. But the evidence was not admitted for that purpose. It had been shown that Jessie Thomas was a natural person and hence, she having been made the payee, the check as drawn was capable of being used to defraud. This fact alone distinguishes the case from *People* v. *Thornburgh*, 4 Cal. App. 38 [87 Pac. 234], cited by appellant. However, this evidence was admissible as proof of appellant's handwriting and as preliminary to the expert evidence which was later offered that the face of the check and the indorsement were written by one and the same person.

Appellant argues that the state failed to prove that "R. C. Duncan" was a real person and that the check was signed without his authority. She cites *People* v. *Whiteman*, 114 Cal. 338 [46 Pac. 99], to the point. That case was decided in 1896. In 1905 section 470 of the Penal Code defining the crime of forgery was amended so that it now reads: "Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do . . ." The purpose of the amendment, according to the note of the code commissioner, was "to make the forging of the name of a fictitious person, or knowingly signing the name of another, criminal if done with intent to defraud". Here the state proceeded on the theory that the name "R. C. Duncan" was fictitious. If the jury believed its evidence the verdict was sound. To offset this proof the appellant offered evidence that she had been married in 1925 to "Richard Arthur Duncan", then she testified that she was married to "Richard Charles Arthur Duncan" and that he was commonly known as "Charley". She did not claim that she was authorized to sign checks in

the name of "R. C. Duncan" and she admitted that she knew that her husband had no account in the Watsonville bank. Hence, whether "R. C. Duncan" be real or fictitious, the evidence is complete that the check was signed with intent to defraud, and that the signature which was used was either that of a fictitious person or of a real person who had not given authority.

Appellant argues that the trial court erred in permitting the witness Tompkins to testify as an expert in handwriting. The qualifications of one appearing as an expert witness are to be determined by the trial court and we find nothing in the record tending to show that error was committed in this instance. However, the appellant was not prejudiced by this evidence. The witness was put on to prove that appellant *signed* the check pleaded in the information—a fact which she later admitted as a witness on her own behalf.

Appellant criticises certain rulings of the trial court upon the admission of evidence and upon her cross-examination of the witness Jessie Thomas. The criticisms are merely stated without argument or citation of authority. We have examined the record with care and are satisfied that the appellant was accorded a fair and impartial trial free from prejudical error.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.